# CHARLESTON

TETER v. NORFOLK FIRE INSURANCE CORPORATION.

Submitted May 19, 1914.   Decided June 9, 1914.

1.   INSURANCE—*Recovery for Partial Loss—Conditions Precedent.*
     To warrant recovery for a partial loss, upon a valued fire insurance policy on real estate, it is necessary to prove compliance with a stipulation to arbitrate the loss, as a condition precedent to the right of action, or an excuse for non-compliance therewith, if it has been denied; and instructions authorizing recovery for such loss, without such proof, are erroneous.   (p. 463).

2.   SAME—*Policy—Additional Insurance.*
     A condition in a fire insurance policy, avoiding it for additional

insurance on the property, existing or subsequently acquired, is not nullified by a permit to take a limited amount of such insurance. (p. 463).

3.  Same—*Additional Insurance—Validity of Policy.*
    A slight excess of additional insurance under such a permit, without proof of fraudulent intent in the procuration thereof, does not invalidate the policy.  (p. 463).

4.  Same—*Action on Policy—Damages.*
    Sequential injury or damages to the property insured, not readily discovered nor discoverable, until sometime after the fire, may be considered by the jury.  (p. 463).

5.  Same—*Policy—Three-Fourths Value Clause—Validity.*
    A three-fourths value clause attached to a valued fire insurance policy is inconsistent with the statute, and, therefore, void.  (p. 464).

6.  Same—*Action on Policy—Evidence.*
    Cost of construction of the injured or destroyed building, the kind of materials used, their quality and cost, the character of workmanship and other similar matters, of a circumstantial nature, are admissible evidence on the issue as to the extent of the loss, and, in estimating the cost, a witness may use, as data, the bills paid for materials and labor in the construction thereof.  (p. 464).

7.  Evidence—*Demonstrative Evidence—Action on Insurance Policy—Evidence.*
    Fragments of damaged wood, metal, glass and other materials taken from the injured building or debris are admissible as evidence of the extent and character of the injury.  (p. 464).

Error to Circuit Court, Barbour County.

Action by Floyd Teter against Norfolk Fire Insurance Corporation.  Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Arthur S. Dayton* and *Hartwell Cabell,* for plaintiff in error.

*W. B. & E. L. Maxwell,* for defendant in error.

Poffenbarger, Judge:

The fire loss on account of which this action was instituted and the one involved in the case of *Teter* v. *Franklin Fire Insurance Co.,* decided at this term and not yet recorded, are the same, and the procedure in the two actions was very sim-

ilar, wherefore the assignments of error here are not essentially different in character from those disposed of in the former case. They are so nearly alike that the principles declared in it will largely govern the disposition of the questions raised here. The verdict and judgment were for the full amount of the policy, $1800.00.

Failure on the part of the plaintiff to prove compliance with that clause of the policy, making an appraisement a condition precedent to the right of action, the benefit of which was properly invoked by the defendant, is followed by the consequences and results declared in the other case.

One of these is the vitiation of instructions Nos. 4, 5, 8, and 9, given by the court and authorizing recovery on the policy, even though the jury should be of the opinion that the loss was partial and not total.

The court further erred in the giving of plaintiff's instruction No. 10, directing the jury to disregard a clause in the policy, making it void, if the insured had, at the date thereof, any additional insurance on the property, or should thereafter procure such insurance. This clause was not annulled or destroyed by the permission given to take additional insurance not in excess of three fourths of the value of the property. It remained in force, limited and qualified by the permit.

The reasons by which the action of the court was justified in *Teter* v. *Franklin Insurance Co.,* in refusing to instruct the jury peremptorily to find for the defendant, need not be repeated here.

Nor is it necesary to demonstrate the propriety of the refusal to instruct the jury to find for the defendant, if the insurance was in excess of three fourths of the value of the property. The two instructions asked for, having such purpose, treated the limitation as absolute, making no allowance for error in judgment as to the value of the property.

Here, as in the Franklin case, the court properly refused to instruct the jury not to take in consideration any injury or damage to the building, resulting from failure on the part of the plaintiff to restore or repair. These instructions would have been misleading, since no doubt much of the damage

done, though sequential, was not readily discoverable, until some time after the date of the fire.

In its rulings upon instructions, the court properly treated the three fourth value clause as invalid under the statute.

Unsuccessful objections to the testimony of witnessess, relating to the cost and value of the building, were founded upon alleged lack of proof of their qualification and the character of the data used by them in making up their estimates. One of the witnesses, Pifer, testified to his experience as an insurance agent and the examination of the building on which the insurance was, prior to the writing of one or more of the policies existing thereon at the time of the fire. Shaffer, a contractor, had worked on the building. Wolf, a plasterer of ten or twelve years experience, had examined it and made an estimate of the cost of replastering, or rather of the value of the plastering destroyed. Lovett, a painter of considerable experience, gave his opinion as to the value or cost of painting. A brick mason was permitted to testify as to the value of brick and the cost of laying same and the necessity of taking down cracked walls, in the repair of buildings. Blake, a citizen entirely familiar with the building, and Wilson, a civil engineer and surveyor, both of whom had examined the premises, were permitted to testify as to the condition in which the walls were left.

As each of these witnesses founded his testimony upon his personal examination and his experience in some line of business calling for investigation and the exercise of good judgment respecting costs and values, the court properly overruled the objections. They went to the admissibility of the evidence, not its weight or probative value. How the plaintiff could have shown the value of the building, otherwise than by such testimony, it is difficult to perceive, and no other method has been suggested. It is very similar in character to evidence held to be admissible in *Comstock* v. *Droney Lumber Co.,* 69 W. Va. 100. See also *Gere* v. *Insurance Co.,* 67 Ia. 272; *Insurance Co.* v. *Taylor,* 14 Colo. 499; and *Insurance Co.* v. *Johnson,* 11 Bush (Ky.) 587.

An estimate made by the witness Hatch, as well as his testimony in connection therewith, was objected to because it was founded, to some extent, upon data given to him by the

plaintiff, including bills for lumber, brick and other materials and labor, representing items of original cost. This estimate was not conclusive nor intended to be so, and although the cost of the building at the time of erection may not have been the same as would have been the cost of its construction at a later date, it is a circumstance that tends to prove its value, and, taken in connection with other evidence respecting prices of labor and materials, bore fairly and directly upon the issue. While the data furnished by the plaintiff and the other information derived from him entered into the calculation, the witness availed himself also of his own knowledge and experience. The cost of a building or its value is hardly susceptible of exact ascertainment. Hence the necessity of resorting to indirect or circumstantial evidence. As to the plaintiff's own testimony, it was objected to upon the same ground, or rather upon the ground that it gave cost values at a date anterior to that of the fire. For the reasons indicated, this also was untenable and properly overruled by the court.

Another untenable objection was made to the introduction of certain specimens of damaged wood, metal and glass taken from the building, accompanied by evidence of the places from which they had been obtained. As they bore directly on the extent and character of the injury they were clearly relevant and material. While a view of the building in its damaged condition would have given the jury more comprehensive and accurate knowledge, what was offered could not properly be rejected because fuller evidence could have been produced. It was all primary or legally best evidence.

For the errors noted, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.* .