JOE GOODELL ET AL., APPELLEES, V. UNION AUTOMOBILE INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 26, 1923. No. 22539.

1. Insurance: APPLICATION: MISREPRESENTATIONS: DEFENSE. "Section 3187, Rev. St. 1913, does not prevent an insurance company from defending, in an action brought to recover upon a policy, on the ground that fraudulent representations were made by the insured in his application for insurance, where such representations related to matters material to the risk, and where if a true answer had been made no contract of insurance would have been entered into. In such case, the right of such defense is not defeated by a showing that the false statement did not contribute to the loss." *Muhlbach v. Illinois Bankers Life Ass'n*, 108 Neb. 146.

2. ——: LOSS: BURDEN OF PROOF. In an action by the insured upon a policy of insurance against loss by theft which provides

Goodell v. Union Automobile Ins. Co.

that the insurer shall not be liable beyond the actual cash value of the property at the .time any loss occurs, it is incumbent on the insured to prove the value of the property at the time the loss occurs.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE.    *Reversed.*

*Doyle & Halligan* and *J. S. Garnett*, for appellant.

*W. D. Oldham* and *W. L. Minor, contra.*

Heard before MORRISSEY, C. J., DEAN and GOOD, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action by plaintiffs, as copartners, to recover on a policy of insurance, issued by defendant, insuring plaintiffs' automobile against theft.   Defendant admitted the issuance of the policy; denied all the other allegations of the petition, and for a further defense pleaded that plaintiffs had misrepresented a material fact in their application for the insurance which deceived the defendant to its injury.   The misrepresentation complained of was that plaintiffs had falsely stated that the automobile was fully paid for and unincumbered; that defendant relied on said statements, and, had it known they were false, it would not have issued the policy; that, as soon as it learned the falsity of the statements (which was subsequent to the loss), it tendered the plaintiffs the premium they had previously paid.   Plaintiffs' reply was a general denial.   A trial to the court without the intervention of a jury resulted in a judgment for plaintiffs for the full amount of the policy.   Defendant appeals.

The only assignment of error is that the findings and judgment are not sustained by the evidence.   The record discloses the following pertinent facts: April 25, 1921, plaintiffs purchased a Ford car and gave in payment therefor their promissory note for $610, due on or before the 25th day of July, 1921, and which contained the following mortgage clause: "For value received on the above note,

I hereby sell and mortgage unto the payee thereof the following goods and chattels, to wit: One Ford touring car with starter and motor No. 4470331, now in my possession and free from incumbrance." April 28, 1921, plaintiffs signed a written application to the defendant for the policy of insurance involved in this action. The statements in the application show that the automobile was purchased for $610, its actual cost to assured $610, and the question, "Is automobile fully paid for?" is answered by "Yes." The automobile was stolen May 13, 1921. At that time no part of the promissory note, given for the purchase price, had been paid. The information contained in the application for insurance consists largely of questions and answers. Defendant's agent testified that he asked one of the plaintiffs if the car was fully paid for and was given an affirmative answer; that he did not ask him all of the questions contained in the application, but did ask the question as to how much he had paid for the car, and if it was fully paid for. On the other hand, the plaintiff who signed the application testified that the insurance agent asked but a single question, and that was what the car cost, and that he correctly answered the question.

The trial court made no specific findings of fact, but found generally for the plaintiffs. It is asserted by defendant that the court reached its conclusion and rendered its judgment for plaintiffs because it construed section 3187, Rev. St. 1913, now appearing as section 7787, Comp. St. 1922, as precluding an insurance company from making the defense that the insured had made a false statement of fact, material to the risk, in the application for the policy of insurance, unless such false statement contributed to the loss. Since the rendition of the judgment by the trial court, this court has construed said section in the case of *Muhlbach v. Illinois Bankers Life Ass'n*, 108 Neb. 146, wherein it was held: "Section 3187, Rev. St. 1913, does not prevent an insurance company from defending, in an action brought to recover upon a policy, on the ground that fraudulent representations were made by the insured in his applica-

tion for insurance, where such representations related to matters material to the risk, and where if a true answer had been made no contract of insurance would have been entered into. In such case, the right of such defense is not defeated by a showing that the false statement did not contribute to the loss."

Under the above holding, it is clear that said section does not preclude the defense tendered by defendant, because the false statements did not contribute to the loss. If the statements alleged to be false were, in fact, made and but for the making of such false statements the policy would not have been issued, then it would follow that defendant would not be liable in this action. But, whether the false statements alleged to have been made were, in fact, made is a question of fact which we deem it unnecessary to further discuss except to say that upon that question the evidence is in conflict, and a finding either way by the trial court would not be disturbed by this court.

The record discloses that no evidence was received or offered as to the value of the automobile at the time it was stolen. The policy provides that the insurer shall not be liable beyond the actual cash value of the property at the time any loss occurs. If plaintiffs were entitled to recover, the measure of their damage would be the actual value of the automobile at the time it was stolen. Under the circumstances, it was incumbent upon plaintiffs to prove the value of the automobile at the time the loss occurred. There is no evidence to sustain the finding that plaintiffs were damaged in the sum of $517, or any other sum. Plaintiffs argue that the value of Ford cars is so stable and the price so uniform, and the car having been stolen only 18 days after its purchase, the court is justified in finding that the value of the car at least equaled the amount of the judgment rendered. It may be that the value of Ford cars is quite stable and uniform, but this court cannot take judicial notice of the value of a car on any particular date. It is well known that the price on all cars changes very materially from time to time, but, aside from that, there is

no evidence that the car was in the same condition at the time it was stolen as it was at the time it was purchased. Innumerable things may have occurred to cause it to deteriorate in value. A Ford car, like any other, might be worth a given sum one day, and a week or month later it might be almost valueless.

Because of the lack of any evidence as to the value of the car at the time it was stolen, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.