MAMIE M. NULL *v.* THE STUYVESANT INSURANCE COMPANY, *a corporation*

(No. 7640)

Submitted September 13, 1933. Decided October 17, 1933.

*Alvin J. Barnhart,* for plaintiff in error.

*Steptoe & Johnson, Stanley C. Morris,* and *J. Hornor Davis, 2d.,* for defendant in error.

MAXWELL, PRESIDENT:

Plaintiff's dwelling was insured for $1,500.00 against loss by fire. Following the destruction of the property, she obtained verdict and judgment against the insurance company for $1,000.00. Insisting that she is entitled to recover the full amount of the policy, she prosecutes error.

The pivot of the case is the valued policy legislation of this state.

The policy contains a three-fourths value clause. On the basis thereof, the court, at the instance of the defendant, over the objection of the plaintiff, instructed the jury (defendant's instruction No. 10) that if they believed from all the evidence that the plaintiff was entitled to recover, they might find only to the extent of three-fourths of the actual cash value of the property with proper deduction for depreciation at the time of the loss. It is the contention of the plaintiff that the three-fourths value clause of the policy is inoperative because of the valued policy statute, and that the said instruction was therefore erroneous and prejudicial.

The valued policy statute was enacted by the Legislature of 1899, and is chapter 33 of the Acts of that session. It reads:

"All fire insurance companies doing business in this state shall be liable, in case of total loss by fire or otherwise, as stated in the policy on any real estate insured, for the whole amount of insurance stated in the policy of insurance upon said real estate; and in case of partial loss by fire or otherwise, as aforesaid, of the real estate insured, the basis upon which said loss shall be computed, shall be the amount stated in the policy of insurance effected upon said real estate, and the insured shall have the right to enforce his claim for said loss in any court having jurisdiction."

It was carried into the Code of 1923 as section 40-a of chapter 34. With slight modifications, it appears in the Official Code of 1931, 33-4-9.

The policy in suit was issued by the company August 20, 1929, to Claude Guthrie, who was then the owner of the property and who transferred and assigned the policy November 9, 1931, to his vendee, the plaintiff, and on the same day, the company approved the assignment. The fire occurred July 10, 1932.

It is the position of the plaintiff that the valued policy law has been in effect continuously since its enactment in 1899. The defendant contends that there was no valued policy law in this state from July 16, 1923, the effective date of chapter 18, Acts of the Legislature of 1923, until January 1, 1931, when the new Code became effective; that the said act of 1923, by necessary implication, repealed the valued policy statute of 1899.

The act of 1923 prescribes in detail the form of fire insurance policies to be used in this state. That form requires that the insurance shall operate ''to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage.'' And it is further provided in said statute: ''No other or different provision, agreement, condition or clause shall be in any manner made a part of such contract or policy, or indorsed thereon or added thereto or delivered therewith, except as follows, to-wit: *, * *.'' (The noted exceptions are not pertinent here.) Defendant says that these provisions are wholly inconsistent with the valued policy statute of 1899, and, therefore, under the repealing clause of the 1923 act, the former enactment was rendered inoperative.

The act of 1923, prescribing in detail the form of fire insurance policies, merely puts into the statute, directly and expressly, that which previously had been placed therein by an indirect method, for, under section 68, chapter 77, Acts of the Legislature of 1907, it was required that ''No fire

insurance company shall issue fire insurance policies on property in this state other than those of the form used by fire insurance companies incorporated under the laws of the state of New York, with such changes and additions as the insurance commissioner may deem proper." The form of policy set forth in the 1923 act is the same as that which was prescribed by the 1907 act.

In *Hinkle* v. *North River Ins. Co.*, 70 W. Va. 681, 75 S. E. 54, it was held that the act of 1907, prescribing the New York form of policy, did not repeal the valued policy statute of 1899. There are other cases recognizing the valued policy enactment of 1899 as the law of the state subsequent to the 1907 adoption of the New York form. *Teter* v. *Ins. Co.*, 74 W. Va. 344, 82 S. E. 40; *Teter* v. *Norfolk Fire Ins. Corp.*, 74 W. Va. 461, 82 S. E. 201; *Shinn* v. *Ins. Co.*, 104 W. Va. 353, 140 S. E. 61. In the latter case, decided in 1927, the valued policy statute of 1899 was held to be applicable to mutual fire insurance companies. The opinion contains no discussion of the possible effect upon said statute of the enactment of 1923. The court does, however, state therein that there had been no change in the valued policy statute subsequent to its enactment in 1899.

In the Official Code of 1931 there is a Revisers' note to section 9, article 4, chapter 33. This section is the original valued policy statute of 1899, with slight change in phraseology. The note, after calling attention to the change, reads: "In Hinkle v. North River Insurance Co., 70 W. Va. 681, 75 S. E. 54, the court decided that this section was not repealed by sec. 68, c. 77, Acts 1907 (Code 1923, c. 34, sec. 68), although the latter section prescribed the New York form of policy limiting the liability to the actual cash value of the property insured. Said sec. 68 was amended and reenacted by Acts 1923, c. 18, sec. 68, by way of incorporating a literal form of the policy, but since the amended section seems to do no more by way of literal incorporation than the original section did by way of reference, it is believed that sec. 40a, c. 34, Code 1923, was not affected by the amendment made in 1923 and it is therefore retained."

Recently, in the case of *Niagara Fire Insurance Co.* v. *Raleigh Hardware Co.*, 62 Fed. (2d) 705, 709, the question

of the effect of the 1923 enactment upon the valued policy statute was squarely raised. In that case, as at bar, the insurance company pressed the position that the later enactment repealed the former. The circuit court of appeals did not sustain this position, but held that the valued policy statute remains in effect. The court, noting that this Court had held in the *Hinkle* case, *supra,* that the Legislature by adopting a general form of fire insurance policy in 1907 did not intend to repeal the valued policy act, stated: "The same reasoning applies to the act of 1923. There can be no difference, so far as a question of this nature is concerned, between setting forth a form of policy in a statute and providing by statute that policies shall be issued in a certain well-known form." In accord with the circuit court of appeals, we hold that the 1923 enactment did not repeal the valued policy statute of 1899.

It is urged by the defendant that *Hinkle* v. *Insurance Co., supra,* holding that the act of 1907 did not repeal the valued policy statute of 1899, cannot be taken as authority for holding that the act of 1923 did not repeal the valued policy statute, because the act of 1907 purported to clothe the insurance commissioner with authority to make changes in the New York form adopted by that act. This authority of the commissioner was referred to in the opinion in the *Hinkle* case, *supra,* as one of the reasons for the conclusion therein reached. Judge Brannon, speaking for the court, said: "And note the last words of sec. 68, ch. 77, Acts 1907, 'with such changes and additions as the insurance commissioner may deem proper,' indicating that no repeal of the act of 1899 was intended, as some of the Court suggest." The defendant insists that the portion of the statute quoted by Judge Brannon involves an attempt by the Legislature to delegate to an executive officer legislative duties, and that such abdication of its proper functions by the Legislature is violative of the constitutional provision for the division of governmental powers. Our decision in *Hodges* v. *Public Service Commission,* 110 W. Va. 649, 159 S. E. 834, is invoked.

Whether the said portion of section 68 of chapter 77 of the Acts of 1907 was unconstitutional need not now be considered. The act has been supplanted by the act of 1923. But

whether the act was unconstitutional or not, the holding of the Court in *Hinkle* v. *Insurance Co.*, could very properly be based solely on the principle therein emphasized that "repeal by implication by a later act is only sustained when it is clear that the later act was intended as a substitute." The act of 1899 was a special act, dealing solely with a definite, specified subject matter. Section 68 of chapter 77 of the Acts of 1907 prescribes the New York form of fire insurance policies. The subject was there dealt with as a generality. Under settled principles of statutory construction any conflict between provisions of the New York form and the valued policy act of 1899 should be resolved in favor of the earlier—specific—act. And, by like standard, as between the act of 1923 and the act of 1899 any conflict should be resolved in favor of the earlier act.

It is further urged that if the valued policy law be. construed as claimed by the plaintiff, the result "is to preclude a judicial inquiry into the extent of indemnity due for losses falling within the purview of the policy." And that "once a given amount has been named on the face of an insurance policy, neither arbitrators, appraisers or courts shall thereafter, in the event of a loss, have anything to do with the matter." It is contended that this is a taking of property without due process of law and is therefore unconstitutional. We are not convinced of the soundness of this proposition because the whole matter is contractual. Nor are we dealing with a situation where a subsequent statute has bearing upon an antecedent contract. The contract was entered into many years after the statute became effective. The provisions of the valued policy statute were therefore written into the policy by the law. The statute provides that in event of total loss, the insurer shall pay the insured the full amount of the policy, that being the basis upon which the insured paid premiums to the insurer. The whole matter being one of contract, entered into voluntarily by parties *sui juris,* it would be difficult to sustain a challenge of the legality of the contract after a loss by fire has occurred and liability of the insurer has arisen.

Whether a valued policy statute is unwise and promotive

of fraudulent practices on the part of insured persons, as is vigorously urged by able counsel for the defendant, or whether such statute is founded in wisdom as was considered by the Legislature when it passed the act of 1899, is not a matter for judicial determination. The subject is solely within the province of the Legislature.

These considerations lead us to the conclusion that the learned trial judge erred in giving to the jury defendant's instruction No. 10, above noted. Therefore, we reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Judgment reversed; verdict set aside; case remanded.*