FLOYD DAVIS, *Exr. v.* SAFE INSURANCE COMPANY
(No. 8601)

Submitted March 1, 1938.   Decided October 18, 1938.

*S. A. Powell,* for plaintiff in error.
*J. J. Yankiss, Robert B. McDougle, Richard C. Moore* and *William Bruce Hoff,* for defendant in error.

FOX, JUDGE:

The Safe Insurance Company, plaintiff in error herein, complains of a judgment of the circuit court of Wood

County, rendered against it in an action to recover on a policy of fire insurance on real estate, in favor of Floyd Davis, executor of the last will and testament of Lydia E. Spencer, for the sum of $1,199.00, based upon a directed verdict of a jury for $1,204.00, after deducting a $5.00 premium tendered the company but not accepted by it, representing the face of the policy sued on, $1,000.00, and interest thereon to date of verdict. A motion was made to set aside the verdict, which was overruled, and to that action of the court this writ of error is prosecuted. The action was originally instituted in the name of Lydia E. Spencer, and upon her death thereafter, was revived in the name of the executor of her will. It was before this court upon certification of a question of liability under the policy at the time of the loss alleged, the plaintiff in error claiming that the policy had become forfeited for non-payment of the premium named therein. *Davis* v. *Safe Ins. Co.,* 117 W. Va. 405, 185 S. E. 690.

The contentions of the plaintiff in error are (1) that under the terms of the policy and the conditions attached thereto, the ascertainment of the value of the property destroyed by fire was a condition precedent to rendering any verdict in favor of the plaintiff, and that the value being uncertain, interest on any recovery could only run from date of verdict; and (2) that if the judgment and verdict be set aside for that reason, this court should reconsider its decision on the question certified, and that there was error in such decision. It is conceded, as we understand, that the second contention must depend on the first contention being sustained, under the holdings of this court in *Pennington* v. *Gillaspie*, 66 W. Va. 643, 66 S. E. 1009, and *Atwater Company* v. *Fall River Pocahontas Collieries Company,* 119 W. Va. 549, 195 S. E. 99. The ruling on the certified question must otherwise be treated as the law of the case.

The first point raised requires consideration of the value of the insured property, as fixed by the parties at the time of the issuance of the policy sued on. This policy

was dated the 21st day of February, 1933, and covered a period of one year from the 2nd day of March, 1933. The insured property was totally destroyed by fire on the 18th day of April, 1933. The policy in suit was a renewal of a policy issued March 2, 1927, upon the application of Lydia E..Spencer to the insurance company, which, for the purposes of this opinion, is considered a mutual company coming within the provisions of Article 5, Chapter 33, Code 1931, for insurance in the sum of $1,000.00 on a dwelling, the value of which was fixed in said application at $1,500.00, a copy of which is attached to and forms a part of the policy now before us. The original application on which the 1927 policy was issued was incorporated in the policy on which this action was instituted. The plaintiff in error contends that, notwithstanding the fact that the value of the insured property was fixed in the application for insurance at $1,500.00, the actual value thereof was an open question at the trial, and that proof thereof, on the part of the plaintiff, was a condition precedent to a recovery of any sum whatever. We cannot accept this contention.

We think that the parties dealt with each other upon an agreed value of $1,500.00, and that if such value is to be departed from it must be through some affirmative action on the part of the one who would seek to show a different value. At the date of the original application in 1927 the valued policy act hereinafter referred to was effective as to mutual companies. *Shinn* v. *West Virginia Ins. Co.*, 104 W. Va. 353, 140 S. E. 61. It is contended that later, through legislative enactment, mutual companies were excluded from the valued policy act, but the fact remains that in 1927, when the value was agreed upon, the policy issued thereon was governed by that act, and from this it may reasonably be argued that the parties, at the original inception of this insurance, intended only to insure for two-thirds of the agreed value of the property. No change in value being shown, or attempted to be shown, we may assume that the policy sued on was issued under the same conditions, and upon

that assumption hold that the two-thirds value clause now contended for, if applied, would still warrant recovery of the face of the policy. The suggestion that judicial notice should be taken of the possible effect of the business depression known to have existed between 1927 and 1933 cannot be approved. If the insurance company was willing to accept the 1927 valuation and contract with reference thereto when the original policy was issued, as it did, no reason is perceived why it could not accept the same valuation when the 1933 policy was issued. If the value of the insured property had depreciated since 1927, the insurance company could have ascertained this fact, and was under no duty or obligation to issue a new policy in 1933 on the valuation agreed upon in 1927; and yet that is what it did when it incorporated the original application with its representation of value of the property insured. Its action was voluntary and it is bound thereby. We hold, therefore, that regardless of the construction which may be given to the act of 1929, hereinafter discussed, and the provision attached to the policy under authority of said act, the judgment complained of was warranted because, as a matter of fact, it does not exceed the two-thirds value provided for in the provision attached to the policy, and upon which the contention of the plaintiff in error rests. This holding disposes of the question of interest, because if there was a right to recover the face amount of the policy, the amount was certain and the claimant would be entitled to interest thereon from the date of proof of loss.

We are referred to *Shinn* v. *Ins. Co., supra*, wherein it was held that "the basis of recovery on a fire insurance policy on personal property is the actual loss sustained, not to exceed the amount of the policy", and that "the application is no evidence of loss, but only of the value of the property at the time the application was made". From this it is argued that the burden rested on the insured to prove the amount of the actual loss sustained. The *Shinn* case does not directly pass on the question of

burden of proof, but we are cited to *Goodell* v. *Ins. Co.*, 111 Neb. 228, 196 N. W. 112; *Security Insurance Co.* v. *McAlister*, 90 Okla. 274, 217 Pac. 430; and *Joyce* v. *Ins. Co.* (Mo. App.), 211 S. W. 390, wherein the burden of proof is discussed. It should be noted that the *Shinn* case, as well as the cases cited above, refers to personal property, and except in the *Shinn* case, the insurers were, apparently, not farmers' mutual companies, and no application containing representations as to value was involved; also, in the *Joyce* case, it was held that the only burden resting on the insured was to show that there had been no depreciation between the date of the policy and the loss. The other cases cover losses of personal property subject to rapid changes in value, reasonably calling for proof of actual loss. Here we are concerned with real estate; a value is agreed upon; the property is insured for two-thirds of that agreed value; seven weeks later the insured property is totally destroyed; and it can scarcely be conceived that any appreciable deterioration would result within this short period. Under the circumstances, we see nothing in the holdings of the *Shinn* case and the other cases cited which calls for placing on the insured the burden of proving the value of the property destroyed; that value was, we think, agreed upon by the parties to the insurance contract, and, presumably, was intended to extend through the life of that contract, which in this instance was one year; if the obligor therein desired to lessen the obligation of the contract by reason of changing conditions, the burden was on him to justify a modification of such obligation. Then, the fact that we are dealing with a farmers' mutual company where contracts of insurance are made with reference to representation of value and acceptance on the part of the insurer, amounting in effect to an agreement as to value, should not be overlooked. Cooley's Briefs on Insurance (2d Ed.), Vol. 3, page 2096, states the rule to be:

"Where the rules of a mutual company limit any one risk to an amount not exceeding three-

> fourths of the value, so that the company must fix the valuation, a valuation proposed by the insured and acceded to by the insurer, by fixing the amount of the policy on that basis, is a valuation by mutual agreement, upon which, in the absence of fraud, avoidance for misrepresentation cannot be predicated."

Of course, an agreement as to value as of the date of the policy is not, strictly speaking, evidence of the amount of loss weeks or months later; but it is an agreement with respect to the value of the property insured which will carry through the life of the contract, unless a change in value is shown; and the burden of showing such change is on him who would profit thereby. With no evidence on that point the contract remains as written. In *Brown* v. *Ins. Co.*, 105 Mass. 396, 7 Am. Rep. 538, the valuation contained in an application for a policy was held not controlling, and the insurance company was permitted to show that the actual value of the property destroyed was less than the estimated value stated in the application. But it will be observed that the party seeking to show a reduced value assumed the burden of proof. In the case before us the insurer had the right to show that the value of the insured property had decreased, just as was done in the *Brown* case, but it did not chose to do so, and must, therefore, be held to the value agreed upon at the time the policy in suit was issued.

If this holding be correct, it would seem to render unnecessary a decision on other questions raised on the record; but in view of the importance of those questions, and their painstaking discussion by counsel, we feel warranted in giving consideration to the points raised.

What is known as the valued policy law, Code 1931, 33-4-9, was originally enacted in 1899, Acts 1899, Chapter 33. The State of Wisconsin first enacted such a law, and the decisions of the highest court of that state, construing the statute, refer to it as having been "written in the policy as liquidated damages agreed upon by the parties." *Oshkosh Gas-Light Co.* v. *Germania Fire Ins.*

*Co.,* 71 Wis. 454, 37 N. W. 819, 5 Am. St. Rep. 233. In *Riley* v. *Franklin Ins. Co.,* 43 Wis. 449, 28 Am. Rep. 552, it is held, in effect, that the statute rests upon grounds of public policy. This court, in *Richie County Bank* v. *Ins. Co.,* 55 W. Va. 261, 47 S. E. 94, quoted with approval a statement of the Supreme Court of Kentucky, in *Caledonian Ins. Co.* v. *Cooke,* 101 Ky. 412, 41 S. W. 279, wherein the purposes of the act were discussed. So important a part of our insurance law has this enactment become that, notwithstanding the fact that by two separate acts of the legislature of this state, Acts 1907, Chapter 77, Section 68, and Acts 1923, Chapter 18, Section 68 (Code 1931, 33-4-7) forms of insurance policies were established in which the face of the policy provides for "insurance, to the extent of the actual cash value (ascertained with proper deduction for depreciation) of the property at the time of loss or damage * * * to an amount not exceeding * * * ", the valued policy act of 1899 was not thereby repealed and still remains in full force and effect. *Hinkle* v. *North River Ins. Co.,* 70 W. Va. 681, 75 S. E. 54; *Null* v. *Stuyvesant Ins. Co.,* 114 W. Va. 179, 171 S. E. 416; *Niagara Fire Ins. Co.* v. *Raleigh Hardware Co.,* 62 Fed. (2d) 705. As above stated, in *Shinn* v. *Ins. Co., supra,* decided in 1927, the valued policy act was held to be applicable to mutual companies organized under Chapter 55 of the Code of 1923 which, in effect, corresponds to Article 5, Chapter 33, Code 1931. However, the legislature, at its regular session, 1929, Chapter 25, provided that fire insurance companies mentioned in Section 11, Chapter 55 of the Code of 1923 should have the right to "use the two-thirds, three-fourths, eighty per cent and ninety per cent value clauses and all similar clauses, when properly incorporated in or attached to the policy of fire, lightning, or tornado insurance issued by the so-called farmers mutual cooperative fire insurance companies chartered under the laws of the State of West Virginia, and when so used as aforesaid shall be valid and effective", and

that all acts and parts of acts inconsistent therewith were thereby repealed.   (Code 1931, 33-5-4.)

Plaintiff in error contends that the act above quoted was clearly intended to and did authorize the use of the two-thirds liability clause contained in the provision attached to the policy involved herein, while the plaintiff contends that it does not have that effect, and did not repeal the valued policy act of 1899.   While the *Hinkle, Null* and *Niagara Fire Insurance Company* cases, cited above, are authority for the proposition that the act of 1899 was not repealed by Chapter 25, Acts 1929, because that act covers all fire insurance, and not insurance on real estate alone, and is, therefore, a general statute which does not have the effect of repealing a special statute such as the act of 1899 was, as applied to the situation therein presented, we think the legislature clearly had in mind granting to the mutual companies described therein authority to use the two-thirds and other liability clauses therein mentioned in policies issued by them. The legislature has, since 1929, made a comprehensive revision of the statute in relation to farmers' mutual fire insurance companies, by which, in different language, the right to limit liability is retained.   Acts 1935, Chapter 57, Code, 33-5-1 to 28.   These acts must be held to have had some purpose, and if they do not have that purpose, none other can be conceived.   If we break down the 1929 act, in the respect complained of, the 1935 act must fall also.   It can hardly be believed that the legislature intended a vain thing, and courts will strive to give effect to legislative act where the language used makes it possible to do so.   We think, therefore, that the act of 1929, Chapter 25, was effective to confer upon mutual companies, such as the plaintiff in error here, authority to use the clauses therein provided for.   However, those clauses can only be used in strict conformity with the provisions of the act, and it is provided therein that such clauses shall be "properly incorporated in or attached to the policy." The question therefore arises whether, as to the particular policy now under consideration, the pro-

vision limiting liability to two-thirds of the actual cash value of the property covered by the insurance was properly incorporated in the policy or attached thereto. When we read the policy, we observe that the property described therein is insured "to the extent of the actual cash value (ascertained with proper deduction for depreciation) of the property at the time of loss or damage * * * to an amount not exceeding $1,000.00." When we read the conditions attached to the policy, which are specifically made a part thereof, we find that they include the provision, "that in the event of loss this company shall not be liable for a greater amount than two-thirds of the actual cash value of the property covered by this policy at the time of such loss or damage." The provision quoted may be harmonized if we accept the proposition that $1,500.00 was the value agreed upon for the property insured, because the insurance contracted for is no more than two-thirds of the actual cash value of the property insured, and the value fixed is, of course, beyond the $1,000.00 which was the limit of the company's liability and, under those circumstances, may be said to be properly incorporated in or attached to the policy. But if the question of value had been opened up and a different value established, then the two provisions would have become widely inconsistent. For example, if through depreciation or otherwise, the property was shown to be of the value of $1,200.00, under the provision of the policy itself the entire $1,000.00 could be recovered; whereas under the two-thirds liability clause quoted above, recovery would be limited to $800.00. A provision attached to a policy which is wholly inconsistent with some provision of the body of the policy cannot be construed to affect the policy itself. Then, the policy must be construed in favor of the insured, and if its provisions are inconsistent, that less favorable to the insured must be disregarded. It may be said that the face of the policy sued on is in the form prescribed by the statute, Code, 33-4-7, and cannot be lawfully departed from, although Code, 33-4-8 in terms excludes farmers' mutual

514

insurance companies from the requirement that the form set out in the next preceding section be followed; but if the act of 1929 has the force and effect contended for by plaintiff in error, it would likewise, independently of the statute, justify a change in the form of the policy itself necessary to make consistent the provision with respect to the limitation of the right to recover thereunder.

Holding as we do that there is no error in the judgment complained of, we have no power to review the law of the case as established by the decision of this court on the certified question. We could only review that decision in the event we found error in the present judgment sufficient to justify reversal.

The judgment of the circuit court is affirmed.

*Affirmed.*