453 S.E.2d 390

**Clarence YEAGER and Margaret Yeager, Plaintiffs,**

v.

**FARMERS MUTUAL INSURANCE CO., a West Virginia Corporation, and Art Meadows, dba Meadows Inspection & Adjusting, Defendants.**

No. 22159.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1994.

Decided Dec. 21, 1994.

George D. Donnahoe, James M. Pool, Clarksburg, for plaintiffs.

Paul J. Harris, David A. Sims, Wallace, Harris & Sims, Elkins, for defendants.

CLECKLEY, Justice:

This case involves two certified questions from the Circuit Court of Harrison County relating to whether a farmers' mutual fire insurance policy is subject to the valued policy law under W.Va.Code, 33–17–9 (1957). For the following reasons, we hold it is not.

## I.

On May 1, 1988, the plaintiffs, Clarence and Margaret Yeager, and another individual, who is not a party to this action, entered into a lease-purchase agreement for some property in Harrison County. According to the plaintiffs, the total purchase price of the land and the two homes situated upon the land was $35,000. The plaintiffs resided in one of the houses and purchased an actual cash value fire insurance policy from the defendant, Farmers Mutual Insurance Company. Farmers Mutual Insurance Company valued that house at $35,000. The plaintiffs also purchased $17,500 of personal property insurance for the contents in the house. Thus, the plaintiffs real and personal property fire insurance totaled $52,500.[1]

On April 7, 1991, the house where the plaintiffs resided was destroyed by fire.

---

1. According to the plaintiffs' brief, they purchased fire insurance for the other house and personal property insurance in the amount of $17,500. Farmers Mutual Insurance Company valued the other house at $26,000.

Subsequently, the plaintiffs filed a claim with the defendants and submitted a statement of proof of loss in the amount of $33,465. The plaintiffs accepted payment from the defendants in this amount minus a $250 deductible. The plaintiffs also signed a form agreeing to fully release the defendants from all claims arising out of this property loss.

Several months later, the plaintiffs, by counsel, made a compromise demand for settlement against the defendants in the amount of $41,466. The defendants refused to pay the demand, and, on April 13, 1992, the plaintiffs filed suit in Harrison County against the defendants. In their suit, the plaintiffs alleged, *inter alia*, the defendants are required to pay them the full amount of the policy, not the actual cash value of property. The defendants filed a motion for summary judgment and a motion to dismiss. In support, the defendants argued that farmers' mutual fire insurance companies are not subject to the valued policy law contained in W.Va. Code, 33–17–9. By order dated March 30, 1993, the circuit court denied the defendants' motions.

Thereafter, by order dated October 12, 1993, the circuit court certified the following two questions to this Court.

"1. Does the "Valued Policy Law," West Virginia Code Section 33–17–9, apply to a Farmers Mutual Insurance Company in the case of a total loss by fire of a family home and residence, and the contents thereof, that was insured by a Farmers Mutual Fire Insurance Company for a far greater amount than the actual value of the destroyed home and contents? [Answered yes by the circuit court].

"2. If the "Valued Policy Law," West Virginia Code Section 33–17–9, does apply to a Farmers Mutual Insurance Company that insured a family home and its contents for a value greater than the actual value of such home and its contents, does a failure to pay policy limits for the total loss by fire of such a family home and its contents render a signed release of all claims for such fire loss void or voidable? [Answered yes by the circuit court]."

## II.

■ This Court first held farmers' mutual fire insurance companies were subject to our valued policy law in *Shinn v. West_Virginia Insurance Co.*, 104 W.Va. 353, 140 S.E. 61 (1927). At that time, the valued policy law was contained in 1923 W.Va.Acts, c. 34, § 40a, and had remained unchanged from its enactment in 1899 W.Va.Acts, c. 33.[2] Significantly, in *Shinn*, we-could not find any indication by the legislature to suggest that it intended farmers' mutual fire insurance companies should be excluded from the valued policy law. 104 W.Va. at 361, 140 S.E. at 64. Therefore, we determined in Syllabus Point 4:

"Section 40a of chapter 34 of the Code, chapter 33 of the Acts of the Legislature of 1899, making all fire insurance companies doing business in this state liable for the whole amount of the insurance upon real estate stated in the policy of insurance, in case of total loss by fire or otherwise, applies to mutual companies organized under the provisions of chapter 55 of the Code."

In other words, without any legislative indication to the contrary, we applied the valued policy law to farmers' mutual fire insurance companies.

Shortly after our decision in *Shinn*, the legislature, by 1929 W.Va.Acts, c. 25, added § 13a to 1923 W.Va.Acts, c. 55, § 13, which was one of the farmers' mutual fire insurance company provisions.[3] This amendment gave

---

**2.** 1923 W.Va.Acts, c. 34, § 40a, states, in relevant part:

"All fire insurance companies doing business in this state shall be liable, in case of total loss by fire or otherwise, as stated in the policy on any real estate insured, for the whole amount of insurance stated in the policy of insurance upon said real estate[.]"

W.Va.Code, 33–4–9 (1931), contains identical language as that quoted above.

**3.** 1923 W.Va.Acts, c. 55, § 13, provides:

"Every such company may then be authorized to issue policies of insurance, signed by its president and secretary, agreeing in the name of the company to pay all damages caused by fire, lightning or tornado to the property insured during the life of the policy. There shall be a clause plainly printed on the policy that the holder thereof (the insured) is liable for such assessments as may be neces-

farmers' mutual fire insurance companies the right to use in their policies "the two-thirds, three-fourths, eighty per cent and ninety per cent value clauses and all similar clauses, when properly incorporated in or attached" to the policies. The amendment further stated "[a]ll acts and parts of acts inconsistent herewith are hereby repealed." Later, this version of 1923 W.Va.Acts, c. 55, § 13a, was incorporated in W.Va.Code, 33–5–4 (1931). W.Va.Code, 33–5–4, stated, in relevant part:

"Every [farmers' mutual cooperative fire insurance company], when so authorized to transact business, may issue policies of insurance, signed by its president and secretary, agreeing in the name of the company to pay all damages caused by fire, lightning, hail or tornado to the property insured during the life of the policy, and may use in such policies the two-thirds, three-fourths, eighty per cent and ninety per cent value clauses and all similar clauses when properly incorporated in or attached to such policies; and when so used and incorporated, such clauses shall be valid and effective."

By making this amendment, the legislature took an affirmative step to declare that farmers' mutual fire insurance companies are not subject to the valued policy law as this Court held in *Shinn*. Instead, the clear language of the statute permits farmers' mutual fire insurance companies to use a percent value in their policies.

We addressed this amendment in *Davis v. Safe Insurance Co.*, 120 W.Va. 505, 199 S.E. 364 (1938). Although we determined the policy at controversy in *Davis* was issued prior to the amendment and controlled by the valued policy law, we held the 1929 amendment conferred upon farmers' mutual fire insurance companies the authority to have percent valued liability clauses. 120 W.Va. at 512, 199 S.E. at 367. We also said that, because the 1929 amendment was a general statute covering all fire insurance and not merely insurance on real estate, the 1929 amendment did not repeal the valued policy law of 1899. 120 W.Va. at 512, 199 S.E. at 367.

Nevertheless, we concluded that by adopting the 1929 amendment "the legislature clearly had in mind granting to the mutual companies described therein authority to use the two-thirds and other liability clauses therein mentioned in policies issued by them." 120 W.Va. at 512, 199 S.E. at 367. We further found the legislature made a comprehensive revision of the statute in 1935, but it retained the right of farmers' mutual fire insurance companies to limit their liability. 120 W.Va. at 512, 199 S.E. at 367. *See* W.Va.Code, 33–5–5 (1935).[4]

In 1953, the legislature rewrote W.Va. Code, 33–5–5 (1935), which contained the limited liability language. However, the 1953 revised version contained identical limited liability language as the 1935 version. *See* note 4, *supra*. Then, in 1957, the legislature made major revisions to the entire insurance section of the Code. With these revisions, the limited liability language for farmers' mutual fire insurance companies, previously contained in W.Va.Code, 33–5–5 (1953), was reworded slightly and incorporated in W.Va. Code, 33–22–7(c) (1957). This section has remained unchanged since 1957 and states: "Policies may limit the liability of the [farmers' mutual fire insurance] company to a fixed percent of the value of the property insured." Thus, the legislature continued to make clear its intent to exempt farmers' mutual fire insurance companies from the valued policy law.

The introductory clause to the current valued policy law is substantially the same as the 1899 version, which later was contained in 1923 W.Va.Acts, c. 34, § 40a, and W.Va. Code, 33–4–9 (1931). *See* note 2, *supra*. The current version found in W.Va.Code, 33–17–9 (1957), provides, in relevant part: "All insurers issuing policies providing fire insurance on real property situate in West Virginia, shall be liable, in case of total loss by fire or otherwise, as stated in the policy, for the whole amount of insurance stated in the policy, upon such real property[.]" Thus, the applicable statutory provisions have re-

4. W.Va.Code, 33–5–5 (1935), stated, in pertinent part, that farmers' mutual fire insurance companies "may limit their liability in the policy to a definite per cent of the value of the property."

mained relatively unchanged since our decision in *Davis, supra.* We can find no reason now to deviate from our holding in *Davis.*

As we explained in *Davis, supra,* if the legislature did not intend to permit farmers' mutual fire insurance companies to incorporate limited liability clauses in their policies, the relevant amendments would have no purpose. In addition, we stated "courts will strive to give effect to [a] legislative act where the language used makes it possible to do so." 120 W.Va. at 512, 199 S.E. at 367. Therefore, under the foregoing considerations, we find W.Va.Code, 33–17–9, referred to as the valued policy law, does not apply to farmers' mutual fire insurance companies. The legislature clearly indicated such companies are exempt by its enactment of W.Va. Code, 33–22–7(c).

■ In the present case, the plaintiffs concede that this Court in *Davis* held a farmers' mutual fire insurance company could limit their liability to a percent value under the 1929 amendment. In spite of this acknowledgment, the plaintiffs assert the "value" of the property was not at question in *Davis* because it was established by agreement when the policy was issued. We find the plaintiffs misconstrue the holding in *Davis* because, as previously mentioned, at the time the policy in *Davis* first was issued, the valued policy law still applied to farmers' mutual fire insurance companies. Therefore, this Court explained that, although the parties valued the property at $1,500, the insured was entitled to receive the face value of the insurance policy set at $1,000. 120 W.Va. at 507–08, 199 S.E. at 365. We further found in *Davis* that there was no evidence the actual cash value of the property was any different than what was stated on the policy. In this regard, we said in dicta:

"[A]n agreement as to value as of the date of the policy is not, strictly speaking, evidence of the amount of loss weeks or months later; but it is an agreement with respect to the value of the property insured which will carry through the life of the contract, unless a change in value is shown; and the burden of showing such change is on him who would profit thereby." 120 W.Va. at 510, 199 S.E. at 366.

Upon review, we affirm this statement with regard to who bears the burden of proof if a party seeks to establish a different value than what is stated on the policy. *See generally* 21 John A. Appleman and Jean Appleman, *Insurance Law and Practice* § 12233 at 261 (1980) ("[t]he insurer has the burden of establishing that the estimated value of the property insured had been diminished by physical depreciation between the date of the policy and the date of the fire loss." (Footnote omitted)). We find our adoption of this burden of proof will help prevent the overvaluation of property.

■ By our decision with regard to the burden of proof, we simply hold that if a farmers' mutual fire insurance company and its insured cannot agree on the actual cash value for a total loss of the insured property, the burden of proof rests on the party who seeks to show an amount different than the value stated on the policy. This decision does not prevent a farmers' mutual fire insurance company from placing a limit on the amount paid under the policy. For example, if a house is valued in a policy at $30,000, and the policy provides in clear and unambiguous language that the insurer agrees to pay the insured the actual cash value of the house not to exceed $30,000, and, subsequently, by improvements the actual cash value of the house is increased to an amount more than the $30,000 stated in the policy, the insured may not collect an amount exceeding the $30,000 limit.[5]

■ Moreover, this decision does not prevent a farmers' mutual fire insurance company and its insured from contracting in the policy to resolve their differences by having a competent and impartial appraiser assess the value of the property. However, we determine, absent a statutory provision expressing a contrary intent, the burden of proof for a total loss of the insured property shall not be applied retrospectively to situations where a

---

5. We do caution farmers' mutual fire insurance companies not to place inconsistent provisions in their policies with regard to actual cash value and a percent value. For a discussion of this potential conflict, see *Davis,* 120 W.Va. at 512–13, 199 S.E. at 368.

farmers' mutual fire insurance company and its insured have agreed on an actual cash value and the insured has signed an otherwise valid release of claims.

### III.

To summarize, in light of these considerations, we hold that W.Va.Code, 33–17–9, does not apply to farmers' mutual fire insurance companies. The legislature clearly indicated such companies are exempt by its enactment of W.Va.Code, 33–22–7(c). However, if a party seeks to establish an amount different than the amount stated in the policy, the burden of proof rests upon the party attempting to show a different amount. The first certified question being answered in the negative, the second certified question is moot.

The certified questions having been answered, this case is dismissed from the docket.

Answered and dismissed.

BROTHERTON, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.