STATE *ex rel.* CABELL COUNTY DEPUTY SHERIFF'S

ASSOCIATION, *et al.*

*v.*

BILL DUNFEE, *et al.*, CABELL COUNTY COMMISSION, *et al.*

(No. 14076)

Decided September 18, 1979.

*David L. Solomon* for plaintiffs in error.

*George A. Mills, III, Greene, Ketchum & Mills,* for defendants in error.

HARSHBARGER, JUSTICE:

This is an appeal by the Cabell County Deputy Sheriff's Association from an order of the circuit court of that county denying a petition for mandamus filed by the association. The controversy arose when the sheriff reduced the monthly pay of his deputy sheriffs by $100, effective January 16, 1975. The deputy sheriffs were paid $725 monthly from July 1, 1974, to January 15, 1975. Then their salaries were reduced. The County Deputy Sheriff's Civil Service Commission heard the deputies' complaint and found the reduction unlawful and ordered payment of the back pay to the deputies and set future monthly salaries to be $725. They petitioned the circuit

court to enforce the order, but that court denied the petition.

The only issue is whether mandamus was proper in this case. We affirm the trial court.

The sheriff testified at the Civil Service Commission hearing that the decrease was required because there was not enough money in the budget to continue paying the deputies $725. He had raised their salaries after speaking informally with two members of the County Commission who promised to appropriate funds to cover salary increases for all 35 deputy sheriffs. He relied upon these assurances, which are not "orders"; but they were not kept.[1]

The sheriff then terminated one deputy and decreased the salaries of the others, to meet his budget.

> " 'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' *Syllabus* point 2., *State ex rel. Kucera v. Wheeling,* 153 W. Va. 538, 170 S.E.2d 367 (1969)." [Syllabus point 4, *Dalardas v. County Court of Monongalia County,* ___ W. Va. ___, 217 S.E.2d 75 (1975)]

*W. Va. Code,* Chapter 7, Article 14, Section 1 *et seq.* controls. This is the deputy sheriffs' civil service law. If a county commission has any duty to raise salaries, authority to fund the increase will be here.

---

[1]The fact that Sheriff Barr testified that he spoke informally with two persons who were then members of the county commission and those members approved the pay raises is irrelevant. There is no evidence that the county commission ever acted as an entity under Chapter 7, Article 1 of the Code, and there is no statutory authority for action by individual members. *See Goshorn's Ex'rs v. County Court of Kanawha County,* 42 W. Va. 735, 26 S.E. 452 (1896).

But it is not here; there is nothing in the deputies' civil service law that would compel a county commission to carry out mandate of the Deputy Sheriff's Civil Service Commission. The association has failed to show any legal duty of the county commission to appropriate funds for raises to deputy sheriffs, when the raises were not in the budget but were given by the sheriff anyway and exceeded his spendable money. If this were so, sheriffs or any other county officers, by giving salary increments, could ruin county finances when they did so without county commission approval. Counties would be paying in IOU's.

The rationale given by the sheriff for the in-year increases in salaries was that he wanted "to try to bring them up to what would be comparable to other law enforcement officers in this area. . . ." His intent is admirable; however, the law is clear.

> "The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, *sheriff*, county assessor and prosecuting attorney shall then fix the compensation of their assistants, deputies and employees based on the total amount of money designated for expenditure by their respective offices by the county commission *and the amount so expended shall not exceed the total expenditure designated by the county commission for each office. [Code,* 7-7-7.] [Our emphasis].

We agree with the trial court that "for this Court to order the Sheriff by a Writ of Mandamus to pay the back pay of some thirty-four (34) deputy sheriffs in this case which would exceed the amount of appropriated by County Commission would be to order the Sheriff to exceed his statutory authority and require him to perform an illegal act." *See State ex rel. Cooke v. Jarrell,* 154 W. Va. 542, 177 S.E.2d 214 (1970) and Op. Att'y Gen. (Feb. 17, 1976).

*Affirmed.*