455 S.E.2d 558

**Alfred O. McDONALD, Jr., Petitioner Below, Appellant,**

v.

**Jane L. CLINE, Commissioner, Department of Motor Vehicles, Respondent Below, Appellee.**

**No. 21292.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1995.

Decided Feb. 17, 1995.

Jack L. Hickok, Charleston, for appellant.

Paul E. Jordan, Sr. Asst. Atty. Gen., Charleston, for appellee.

WORKMAN, Justice:

Alfred O. McDonald appeals from the March 5, 1992, order of the Circuit Court of Kanawha County which affirmed the revocation of Appellant's driver's license for six months for first offense driving under the influence of alcohol ("DUI") by order of Appellee Jane L. Cline, the Commissioner of the Division of Motor Vehicles. Appellant asserts that West Virginia Code §§ 17C–5A–2 and –3 (Supp.1994)[1] violate his substantive due process and equal protection rights because such provisions more severely impact on him as an individual who requires his vehicle to maintain employment. Having

considered the issue in full and finding no merit to Appellant's position, we affirm.

Appellant was arrested on May 12, 1990, for first offense DUI. Pursuant to the administrative procedures for suspension and revocation of licenses for DUI as set forth in West Virginia Code §§ 17C–5A–1 to –4 (1991 & Supp.1994), Appellant's driver's license was suspended for a period of six months. See W.Va.Code § 17C–5A–1(c).[2] The revocation of Appellant's license was stayed during the pendency of his appeal pursuant to West Virginia Code § 17C–5A–2.[3]

Appellant is a twenty-seven-year employee of Western Union whose position requires him to travel by car throughout the State of West Virginia, as well as parts of Maryland and Virginia. In addition to requiring a driver's license for the purpose of continuing his employment, Appellant states that he is responsible for the welfare of an adult who is currently under the supervision of Shawnee Hills Mental Health Center.[4]

Appellant argues that the statutes at issue compelling the loss of his driver's license for DUI impact more negatively on him than upon an individual who does not require an operator's license to maintain his employment. He posits further that this alleged disparate effect rises to the level of violating his substantive due process and equal protection rights. See W.Va. Const. art. 3, § 10. In support of his argument that constitutional concerns are implicated, he cites this Court's holding in State ex rel. Harris v.

1. Although the statutes were amended in 1994, the statutory provisions at issue are identical to those in effect in 1991.

2. West Virginia Code § 17C–5A–1(c) provides, in pertinent part:

   If, upon examination of the written statement of the officer and the tests [sic] results described in subsection (b) [blood, breath, or urine] of this section, the commissioner shall determine that a person was arrested for an offense described in section two, article five of this chapter [DUI] . . ., and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of ten hundredths of one percent or more, by weight, . . . the commissioner shall

make and enter an order revoking the person's license to operate a motor vehicle in this state.

3. West Virginia Code § 17C–5A–2(a) provides, in part, that

   [u]pon the written request of a person whose license to operate a motor vehicle in this state has been revoked or suspended under the provisions of section one [§ 17C–5A–1] of this article . . . the commissioner of motor vehicles shall stay the imposition of the period of revocation or suspension and afford the person an opportunity to be heard.

4. Appellant explained additionally that the State has appointed him as the custodian of the individual's SSI payments and that he has been charged with the care of such individual for a number of years.

*Calendine,* 160 W.Va. 172, 233 S.E.2d 318 (1977):

> Inherent in the due process clause of the State Constitution are both the concept of substantive due process and the concept of equal protection of the laws. In order for the statutory scheme ... to withstand consitutional [sic] scrutiny under the substantive due process standard, it must appear that the means chosen by the Legislature to achieve a proper legislative purpose bear a rational relationship to that purpose and are not arbitrary and discriminatory.

*Id.* at 179, 233 S.E.2d at 324 (footnotes omitted).

■ Appellant predicates his allegation of due process denial on the procedures utilized at the administrative hearing before the Department of Motor Vehicles ("DMV"). Specifically, he suggests that the proceedings were tainted because the hearing examiner, as an employee of the same entity which issued the revocation order, violated the accepted maxim that the facts in a disputed case should not be determined by a party to the litigation. Appellant similarly objects to the hearing examiner's certification of the transcript from the administrative proceedings as accurate.

In response to Appellant's due process argument, Appellee explains that the DMV has been granted quasi-judicial powers for the purpose of revoking licenses for DUI. *See* W.Va.Code §§ 17C–5A–1 to –4. We observe that both the "principal question"[5] to be addressed at such hearings as well as the sentence to be imposed upon a finding of DUI are controlled by statute. W.Va.Code § 17c–5A–2(d). Appellee further notes that all notice and hearing requirements applicable to revocation proceedings have been expressly set forth by statute. *See* W.Va.Code § 17C–5A–2(b). Appellee contends additionally that a review of the record illustrates that the Appellant was given adequate notice,

a fair hearing, and was ably assisted by counsel.[6]

Despite Appellant's attempts to characterize the hearing examiner as a party to the litigation, the hearing examiner is no more a party to a revocation proceeding than any other individual who presides over cases which are administrative in nature. *Cf. Varney v. Hechler,* 189 W.Va. 655, 434 S.E.2d 15 (1993) (recognizing W.Va.Code § 29A–5–1(d) (1993) as authority for administrative agency's appointment of member to preside as hearing examiner and rejecting argument that independent examiner was required because of alleged conflict of interest). Under the logic employed by Appellant, no hearing should ever be conducted by an administrative law judge employed by the same agency as the case is before. This position is simply untenable. Finding no due process violation by virtue of the hearing examiner's employment by the DMV or by his certifying the accuracy of the transcript, we conclude that no deprivation of due process rights was suffered by Appellant under the facts of this case.

■ The crux of Appellant's argument lies in his contention that the statute authorizing revocation of operator licenses for DUI affects him and others who require a vehicle throughout the work day in such a negative manner as to rise to the level of an equal rights violation. In citing from this Court's decision in *Calendine,* Appellant failed to include the critical language regarding equal rights law which reads: "Furthermore, under the equal protection standard it must appear that the statutes do not invite invidious discrimination based on race, color, creed, sex, national origin, or social class." 160 W.Va. at 179–80, 233 S.E.2d at 324. Appellant's equal protection argument fails to come within the purview of the standard as he has neither alleged nor proven that he is a member of a protected class.

---

5. West Virginia Code § 17C–5A–2(d) provides in part that: "The principal question at the hearing shall be whether the person did drive a motor vehicle while under the influence of alcohol, ... or did drive a motor vehicle while having an alcohol concentration in the person's blood of ten hundredths of one percent or more, by weight...."

6. We note, however, that these issues are more applicable to a claim which involves an alleged violation of procedural due process rather than substantive due process.

Quite simply, Appellant is not entitled to more consideration under the applicable laws than an individual who does not utilize his vehicle during the work day other than for the purposes of commuting to and from work. Appellant has been treated in the same manner, as required by statute, as all others in this state who have been found to have operated a motor vehicle under the influence of alcohol. The DUI statutes at issue make no exceptions with regard to the issue of license revocation.

■ Appellant further suggests that he has been denied equal protection of the law based on his position that the statute is not uniformly enforced. In support of this contention, he refers to the fact that if the arresting officer does not appear to testify at the administrative hearing, the revocation proceeding is dismissed. As Appellee explains, "[w]hile it [is] true and unfortunate that officers sometimes fail to appear and testify in administrative hearings, the [DMV] Commissioner simply has no power over such appearances by arresting officers." Notwithstanding this issue of compelling arresting officers to testify at the administrative hearings, an equal protection issue does not result.

As we previously recognized in *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985), "[t]he purpose of the administrative sanction of license revocation is the removal of persons who drive under the influence of alcohol and other intoxicants from our highways." *Id.* at 796, 338 S.E.2d at 396. Appellant has never denied that he was properly arrested for DUI—only that the laws of this state are fair in their application towards him. Upon review, we conclude that the administrative procedures set forth in West Virginia Code §§ 17C–5A–1 to –4, which permit the revocation of an individual's license to operate a motor vehicle in this state for driving under the influence of alcohol, are not violative of an individual's constitutional rights of due process and equal protection where such individual requires the use of his vehicle to maintain employment.

Based on the foregoing, the decision of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

BROTHERTON, J., did not participate.

FOX, J., sitting by Temporary Assignment.