483 S.E.2d 77

**Walter O. LAWSON, et al., Plaintiffs**

v.

**The COUNTY COMMISSION OF MERCER COUNTY and Don B. Meadows, in his Official Capacity as Sheriff of Mercer County, Defendants.**

No. 23399.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1996.

Decided Dec. 17, 1996.

Dwayne E. Cyrus, Kathryn Reed Bayless, Bayless, McFadden & Cyrus, Princeton, for Plaintiffs.

Charles D. Smith, Prosecuting Attorney, Princeton, W.T. Weber, Jr., W.T. Weber, III, Weber & Weber, Weston, for Defendants.

PER CURIAM: [1]

We are presented in this case with four questions certified by the Circuit Court of Mercer County regarding the method of calculating the annual salary increment for deputy sheriffs as provided for in W. Va.Code 7–14–17c (1985). The circuit court certified the following four questions:

1. Is W. Va.Code 7–14–17c vague and ambiguous?

ANSWER: Yes

2. Does the annual salary increase/increment provided deputy sheriffs in W. Va. Code 7–14–17c become a part of the deputy's base pay?

ANSWER: No

3. Is the annual calculation of the increase/increment in W. Va.Code 7–14–17c for subsequent years of service performed by a compounding (as opposed to cumulative) approach as reflected in the attached chart?

ANSWER: No

4. For a claim arising under W. Va.Code 7–14–17c and where deputies are employed pursuant only to written order only of County Commission, is the applicable peri-

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

od of limitations, under W. Va.Code 55–2–6:

a.  5 years       ANSWER: Yes
b.  10 years      ANSWER: No

■ The certified questions are the result of the circuit court's denial of the parties' motions for partial summary judgment. "West Virginia Code, 58–5–2 (1967),[2] allows for certification of a question arising from a denial of a motion for summary judgment. However, such certification will not be accepted unless there is a sufficiently precise and undisputed factual record on which the legal issues can be determined. Moreover, such legal issues must substantially control the case." Syllabus Point 5, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994). Because there is a sufficiently precise and undisputed factual record upon which the legal issues can be determined, and because these legal issues substantially control this case, the questions are properly certified under W. Va.Code 58–5–2 (1967). We therefore have jurisdiction to consider the questions certified by the circuit court.

## I.

## PROCEDURAL BACKGROUND

The plaintiffs in this case are active and retired deputy sheriffs of Mercer County. In their amended complaint against the County Commission of Mercer County (hereinafter "County Commission"),[3] which was filed on August 22, 1995, the deputy sheriffs allege that they are entitled to back pay because the County Commission has incorrectly interpreted and administered an annual incremental salary increase statute, W. Va.Code 7–14–17c (1985); therefore, the County Commission has improperly withheld wages from the deputy sheriffs in violation of

**2.** W. Va.Code 58–5–2 (1967) provides, in pertinent part:

Any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the

the West Virginia Wage Payment and Collection Act, W. Va.Code 21–5–1 to –18 (1996).

On September 8, 1995, the deputy sheriffs filed a motion for partial summary judgment requesting the circuit court to rule as a matter of law that the County Commission has misapplied W. Va.Code 7–14–17c (1985) since its enactment ten years ago, and therefore, has underpaid the deputy sheriffs for the past ten years.

Conversely, the County Commission filed its own motion for summary judgment on October 19, 1995, requesting the court to rule as a matter of law that the County Commission had in fact properly applied the incremental increase statute so that no additional compensation is due.

The circuit court, after conducting a hearing on the parties' motions on December 20, 1995, and after reviewing all relevant papers, denied both parties' motions in its Order of January 5, 1996 and certified the questions set forth above in an order entered January 12, 1996.

## II.

## DISCUSSION

■ We review questions of law answered and certified by a circuit court under a *de novo* standard. Syllabus Point 1, *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996).

## A.

The first question we are asked by the circuit court to address is whether the language in W. Va.Code 7–14–17c (1985) is ambiguous. W. Va.Code 7–14–17c (1985) provides:

supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back.

**3.** The deputy sheriffs filed an initial complaint on May 2, 1995.

Beginning on and after the effective date of this section [July 1, 1985], every deputy sheriff with one year or more of service shall receive an annual salary increase in the sum of five dollars per month for each year of service up to a maximum of sixteen years of service. Any incremental salary increase in effect prior to the effective date of this section that is more favorable to the deputy sheriffs entitled to such increase shall remain in full force and effect to the exclusion of the provisions of this section.

■ "A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W.Va. 373, 386, 52 S.E.2d 740, 747 (1949). We find that W. Va.Code 7–14–17c (1985) is susceptible to differing constructions in that the term "receive an annual salary increase" can mean either that the increase becomes a part of the annual salary (as contended by the deputy sheriffs), or that the increase is an addition to the annual salary, as a salary supplement calculated upon years of service (as contended by the County Commission). Because the statute can be read by reasonable persons to have different meanings, we find the language of the statute to be ambiguous and accordingly answer the first certified question in the affirmative.

■ "A statute that is ambiguous must be construed before it can be applied." Syllabus Point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992). We now address the remaining certified questions, applying traditional rules of statutory construction.

### B.

The second question we are asked to consider is whether "the annual salary increase/increment, provided to the deputy sheriffs in W. Va.Code 7–14–17c, become[s] a part of the deputy's base pay."

■ We have determined that W. Va.Code 7–14–17c is ambiguous in that it is susceptible to differing interpretations. "Judicial in-terpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretative inquiry is to ascertain the legislative intent." Syllabus Point 1, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983). Our task then is to determine whether the Legislature intend-ed this incremental increase to be made a part of the deputy sheriffs' base pay, or whether the Legislature merely intended this increase to be a supplement to the deputy sheriffs' salaries.

■ In determining the intent of the Leg-islature at the time it enacts a law, we are mindful of the following:

A statute should be so read and applied as to make it accord with the spirit, pur-poses and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject mat-ter, whether constitutional, statutory or common, and intended the statute to har-monize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consis-tent therewith.

Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908). *See also* Syllabus Point 3, *Smith v. State Workmen's Compen-sation Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975) ("[s]tatutes which relate to the same subject matter should be read and ap-plied together so that the Legislature's inten-tion can be gathered from the whole of the enactments.").

The West Virginia Constitution expressly empowers the county commissions within the State of West Virginia to administer the fis-cal affairs of each county. The West Virginia Constitution provides, in relevant part, that the county commissions "shall ... under such regulations as may be prescribed by law, have the superintendence and adminis-tration of the ... fiscal affairs of their coun-ties." W. Va. Const. art IX, § 11. Consis-tent with this constitutional mandate, the Legislature enacted W. Va.Code 7–7–7 (1982), which establishes the guidelines to be used by the sheriff and county commission in

determining the compensation of various county employees, including deputy sheriffs, within the county's budget. The statute provides, in relevant part:

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, *sheriff,* county assessor and prosecuting attorney shall, prior to March second of each year, file with the *county commission* a detailed request for appropriations for anticipated or expected expenditures for their respective offices, including the compensation for their assistants, *deputies* and employees, for the ensuing fiscal year.

. . . .

The *county commission* shall, prior to March twenty-ninth of each year by order fix the total amount of money to be expended by the county for the ensuing fiscal year, which amount shall include the compensation of county assistants, *deputies* and employees. Each *county commission* shall enter its order upon its county commission record.

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, *sheriff,* county assessor and prosecuting attorney shall then fix the compensation of their assistants, *deputies* and employees based on the total amount of money designated for expenditure by their respective offices by the *county commission* and the amount so expended shall not exceed the total expenditure designated by the *county commission* for each office.

The *county officials,* in fixing the individual compensation of their assistants, *deputies* and employees and the *county commission* in fixing the total amount of money to be expended by the county, shall give due consideration to the duties, responsibilities and work required of the assistants, *deputies* and employees and their

compensation shall be reasonable and proper.

W. Va.Code 7–7–7 (1982) (emphasis added).

The Legislature, consistent with the constitutional mandate contained in W. Va. Const. art. IX, § 11, has enacted W. Va. Code 7–7–7 (1982) to enable the county commissions with the aid and assistance of the county sheriffs, to establish the compensation for deputy sheriffs within the boundaries of a county budget.

The deputy sheriffs ask this Court to determine that the annual salary increase permitted within W. Va.Code 7–14–17c (1985) should be part of and blended into their fixed base compensation that has been established by the county commission with the assistance of the county sheriff within W. Va.Code 7–7–7 (1982). If we were to adopt the deputy sheriffs' interpretation that the annual salary increase authorized in W. Va.Code 7–14–17c (1985) is part of the base compensation, then that interpretation would usurp the authority of the county commission, contrary to the constitutional mandate within W. Va. Const. art. IX, § 11 and the enabling legislation within W. Va.Code 7–7–7 (1982). This we are not permitted to do.

▇▇▇ We are mindful that "[t]he repeal of a statute by implication is not favored, and where two statutes are in apparent conflict, the Court must, if reasonably possible, construe such statutes so as to give effect to each." Syllabus Point 4, *State ex rel. Graney v. Sims,* 144 W.Va. 72, 105 S.E.2d 886 (1958). Is there another more reasonable construction of W. Va.Code 7–14–17c (1985) which is not in direct and open conflict with W. Va. Code 7–7–7 (1982)?

A related statute providing for annual salary increases to State employees, which closely resembles W. Va. 7–14–17c (1985), is contained in W. Va.Code 5–5–2 (1996). W. Va. Code 5–5–2 (1984) provides: [4]

Effective for the fiscal year beginning the first day of July, one thousand nine

---

**4.** W. Va.Code 5–5–2 (1984) (subsequently amended in 1996), although addressing a different category of public employee, does address an identical subject matter in the form of incremental annual pay increases. Because they are parallel in scope, purpose and terminology, they should be interpreted consistently. *See United States Navigation Co. v. Cunard S.S. Co.,* 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932).

hundred eighty-five, every eligible employee with three or more years of service shall receive an annual salary increase equal to thirty-six dollars times the employees' years of service, not to exceed twenty years of service. In each fiscal year thereafter and on the first day thereof, each such employee shall receive an annual increment increase of thirty-six dollars for such fiscal year: Provided, That every employee becoming newly eligible as a result of meeting the three years of service minimum requirement on the first day of July in any fiscal year subsequent to one thousand nine hundred eighty-five, shall be entitled to the annual salary increase equal to the aforesaid thirty-six dollars times the employee's years of service, where he has not theretofore received the benefit of any such increment computation; and shall receive a single annual increment increase thereafter of thirty-six dollars for each such subsequent fiscal year. These incremental increases shall be in addition to any across-the-board, cost-of-living or percentage salary increases which may be granted in any fiscal year by the Legislature. This article shall not be construed to prohibit other pay increases based on merit, seniority, promotion or other reason, if funds are available for such other pay increases: Provided, however, That the executive head of each spending unit shall first grant the herein mandated increase in compensation to all eligible employees prior to the consideration of any increases based on merit, seniority, promotion or other reason.

We had occasion to address W. Va.Code 5–5–2 (1984) in *State ex rel. Erwin v. Gainer*, No. 16791 (W.Va. Aug. 2, 1985), an unpublished order. In *Erwin*, which addressed the issue of whether the State employees' incremental salary increases could be made in lump sum payments, we found that the compensation provided under W. Va.Code 5–5–2

(1984) was "designed to *supplement* the regular pay of eligible State employees." *Erwin*, No. 16791, slip op. at 2 (emphasis added). *Accord Courtney v. State Dep't of Health*, 182 W.Va. 465, 468, 388 S.E.2d 491, 494 (1989). The consideration of the incremental salary increase as a salary supplement, and not an integral part of the base salary, is consistent and compatible with interpreting W. Va.Code 7–14–17c (1985) in harmony with W. Va.Code 5–5–2 (1984).

█  When we compare and contrast W. Va.Code 7–7–7 (1982) and our interpretation of W. Va.Code 5–5–2 (1984), we can come to no other conclusion in interpreting the legislative intent in W. Va.Code 7–14–17c (1985) as the Legislature's desire to provide deputy sheriffs with an annual monetary supplement that increases based on years of experience, which is not part of, nor does it affect the salary of, a deputy sheriff because that determination is exclusively within the province of the county commission. We answer the second certified question in the negative.

### C.

The third question we are asked to address is whether "the annual calculation of the increase/increment in W. Va.Code 7–14–17c for subsequent years of service performed by compounding (as opposed to cumulative) approach."

█  We are asked to decide whether the annual salary increase is compounded each year so that each annual increase becomes attached to the previous annual salary increases which is then enhanced every year based upon the number of years of service.[5] W. Va.Code 7–14–17c (1985), which is titled "Salary increment," requires us to give plain meaning the term "increment." An increment is "a series of regular consecutive additions." *Webster's Ninth New Collegiate Dictionary* 611 (1984). Any formula that would

---

**5.** The calculation resulting from a compounding formula would be after year one, the deputy would receive for the upcoming year sixty dollars in addition to the annual salary received. In year two, while the base salary would remain the same as in year one, the deputy would receive the incremental increase of sixty dollars multiplied by two years for one hundred twenty dollars. However, the one hundred twenty dollars would be compounded, or added, to the previous year's incremental increase whereby the deputy would actually receive one hundred eighty dollars in addition to his annual salary for the upcoming year. This progression would result in an "incremental increase" after the sixteenth year of service in the amount of $8,160.00.

result in compounding the annual salary increase within W. Va. 7–14–17c (1985) which is not a series of regular, consecutive additions, but instead, is an exponential or graduated increase, growing beyond what would be contemplated within the meaning of incremental increase as clearly expressed within the statute would be improper. "It is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." Syllabus Point 2, *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925); *accord* Syllabus Point 2, *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990). Therefore, we answer this certified question in the negative.

### D.

Because the second and third certified questions have been answered in the negative, the fourth certified question is moot. *See Yeager v. Farmers Mutual Ins. Co.*, 192 W.Va. 556, 561, 453 S.E.2d 390, 395 (1994).

### III.

### CONCLUSION

After analyzing each of the certified questions from the Circuit Court of Mercer County, we respond as follows:

1. Is W. Va.Code 7–14–17c vague and ambiguous?

ANSWER: Yes

2. Does the annual salary increase/increment provided deputy sheriffs in W. Va. Code 7–14–17c become a part of the deputy's base pay?

ANSWER: No

3. Is the annual calculation of the increase/increment in W. Va.Code 7–14–17c for subsequent years of service performed by a compounding (as opposed to cumulative) approach as reflected in the attached chart?

ANSWER: No

4. For a claim arising under W. Va.Code 7–14–17c and where deputies are employed pursuant only to written order only of County Commission, is the applicable period of limitations, under W. Va.Code 55–2–6:

a. 5 years      ANSWER: Moot.
b. 10 years     ANSWER: Moot.

Certified questions answered.

Judge RECHT, sitting by temporary assignment.