505 S.E.2d 406

**Rick ADKINS, et al., Plaintiffs Below,**

**v.**

**Florence MEROW, et al.,
Defendants Below.**

**No. 24135.**

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 14, 1997.

Decided Dec. 15, 1997.

James A. Gianola, Gianola, Barnum & Wigal, Morgantown, for Plaintiffs.

W.T. Weber, Jr., Weber & Weber, Weston, for Defendants.

PER CURIAM: [1]

This case presents six certified questions from the Circuit Court of Monongalia Coun-

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) (*"Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta* .... Other courts, such as many of the United States Circuit

ty, pertaining to the methodology for calculating annual salary increases for deputy sheriffs as set out in *W. Va.Code*, 7–14–17c (1985). The six questions certified by the circuit court are as follows:

1. Does W. Va.Code § 7–14–17c entitle a deputy sheriff with one or more years of service to an annual salary increase in the sum of $5.00 per month multiplied by each year of service up to a maximum of 16 years service?

CIRCUIT COURT ANSWER: Yes.

2. Is the annual salary increase added to the base salary of the deputy sheriff each year resulting in a progressive annual increase in base salary?

CIRCUIT COURT ANSWER: Yes.

3. Or, is the annual salary increase to be paid as an annual increment (bonus) which is not added to the deputy's base pay?

CIRCUIT COURT ANSWER: No.

4. Upon reaching 16 years of service, and for employment in years 17 and thereafter, is the deputy sheriff entitled to the incremental salary increase pursuant to W. Va.Code § 7–14–17c annually for each year of service thereafter?

CIRCUIT COURT ANSWER: Yes.

5. Are the plaintiffs entitled to regular and overtime back pay, associated taxes and pension contribution at the correct base annual salary after proper application of the statute?

CIRCUIT COURT ANSWER: Yes.

6. Does a 10 year statute of limitations for recovering past due salary increments under W. Va.Code § 7–14–17c apply to all deputy sheriffs who were hired under a written contract or county commission order?

CIRCUIT COURT ANSWER: Yes.

## I.

## FACTS

This case was filed as a declaratory judgment by the plaintiffs, present and past deputy sheriffs of Monongalia County, against the defendants, members of the Monongalia County Commission and the Sheriff, seeking a determination of the rights of the plaintiffs under *W. Va.Code*, 7–14–17c. The defendants moved to dismiss the complaint for failure to state a claim. The circuit court denied the motion to dismiss on February 26, 1996. Thereafter the circuit court certified its questions to this Court.

 We have long held that "[a]ny questions pertaining to a ruling of the trial court on a motion which challenges the sufficiency of a pleading are properly certifiable." Syl. pt. 1, *Halltown Paperboard Co. v. C.L. Robinson Corp.*, 150 W.Va. 624, 148 S.E.2d 721 (1966). "However, such certification will not be accepted unless there is a sufficiently precise and undisputed factual record on which the legal issues can be determined." Syl. pt. 5, in part, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994). We have determined that there is a sufficiently precise and undisputed factual record upon which the legal issues may be resolved and that "such legal issues ... substantially control the case." *Id.* Therefore, the questions are properly certified under *W. Va.Code*, 58–5–2 (1967)[2] and are within the jurisdiction of this Court.

Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.").

2. *W. Va.Code*, 58–5–2 provides in relevant part: Any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such

motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back.

## II.

### DISCUSSION

■ "The appellate standard of review of questions of law answered and certified by a circuit court is de novo." Syl. pt. 1, *Gallapoo v. Wal–Mart Stores, Inc.,* 197 W.Va. 172, 475 S.E.2d 172 (1996). The certified questions direct us to apply the language of *W. Va.Code,* 7–14–17c, which provides:[3]

Beginning on and after the effective date of this section, every deputy sheriff with one year or more of service shall receive an annual salary increase in the sum of five dollars per month for each year of service up to a maximum of sixteen years of service. Any incremental salary increase in effect prior to the effective date of this section that is more favorable to the deputy sheriffs entitled to such increase shall remain in full force and effect to the exclusion of the provisions of this section.

We have determined that the phrase "annual salary increase" is susceptible to different meanings to the mind of reasonable persons. The phrase could mean that an increase in salary becomes part of the base salary, as argued by the plaintiffs, or it could mean a salary increase that is nothing more than a bonus, as argued by the defendants. Therefore the phrase "annual salary increase" is ambiguous.

■ This Court has held that "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew,* 186 W.Va. 693, 414 S.E.2d 454 (1992). "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975). Using traditional rules of statutory construction we turn to the certified questions.

### A.

■ The first question we have been asked to answer is: "Does W. Va.Code § 7–14–17c entitle a deputy sheriff with one or more years of service to an annual salary increase in the sum of $5.00 per month multiplied by each year of service up to a maximum of 16 years service?" This question sufficiently tracks the language of the statute. However, our response to this question must be viewed in the context of our construction of the phrase "annual salary increase," which is discussed in the second and third questions. With this point of clarification in view, our answer to question one is yes.

### B.

■ The second question presented is as follows: "Is the annual salary increase added to the base salary of the deputy sheriff each year resulting in a progressive annual increase in base salary?" The plaintiffs urge this Court to adopt the position that the phrase "annual salary increase" used in *W. Va.Code,* 7–14–17c should be interpreted to mean a progressive increase to the base compensation paid to them by the defendants. The defendants argue that such an interpretation is fiscally unsound and inconsistent with its duty to administer the monetary affairs of the county.

■ We believe that the interpretation of "annual salary increase" urged by the plaintiffs would involve an unwarranted encroachment upon the fiscal authority, integrity and responsibility of county commissions. *See State ex rel. Brotherton v. Blankenship,* 157 W.Va. 100, 122–23, 207 S.E.2d 421, 434–35 (1973) (where this Court held that attempts by the legislature to expand on the executive budget by specifying positions and designating salaries was an encroachment upon "executive power reserved by the Constitution for that branch of government."). This

**3.** We were called upon to answer certified questions in *Lawson v. County Com'n of Mercer County,* 199 W.Va. 77, 483 S.E.2d 77 (1996) (per curiam) concerning *W. Va.Code,* 7–14–17c. That case was brought by active and retired county deputy sheriffs, alleging that they were entitled to back pay because the county commission incorrectly interpreted and administered the statute's

annual salary increase provision. We rejected the interpretation of the statute urged by the plaintiffs in *Lawson.* Although we are acknowledge *Lawson* has no precedent setting value on the case at hand, the ultimate issues at stake in this proceeding are identical to that of *Lawson.* The outcome, therefore, of the instant case has been foreshadowed by *Lawson.*

Court has previously held that county commissions have "the responsibility to consider, determine, and fix the aggregate amounts necessary for salaries of deputies and assistants of sheriffs." *State ex rel. Dingess v. Scaggs,* 156 W.Va. 588, 590, 195 S.E.2d 724, 725 (1973). We have also held that "[t]he county commission is expressly granted the power to administer the fiscal affairs of the county by W. Va. Const. art. IX, Sec. 11[.]" Syl. pt. 3, in part, *State ex rel. Lambert v. Cortellessi,* 182 W.Va. 142, 386 S.E.2d 640 (1989). It is expressly provided in *W. Va. Code,* 7-7-7 (1982) that county commissions, with the assistance of sheriffs, determine the salary of deputy sheriffs. This Court interpreted the fiscal authority of county commissions under *W. Va.Code,* 7-7-7 in *Lambert,* where it was said:

Under W. Va.Code, 7-7-7 [1982], each of the named county officers, not the county commission, has the authority to fix the compensation of each deputy, assistant or employee in the particular county office. The county commission, on the other hand, has the authority under that statute to determine the aggregate sum to be expended on staff compensation in each of the named county offices. If the county commission believes that the aggregate sum for staff compensation requested by a county officer is excessive, the county commission may refuse to approve the budget request as a whole and may set a different overall limit to be spent for staff compensation. In that event the county officer would be obligated to reduce the number of deputies, assistants or employees or to reduce the individual compensation of one or more of them.

*Lambert,* 182 W.Va. at 146–47, 386 S.E.2d at 644–45.

In *State ex rel. Cabell County Deputy Sheriff's Ass'n v. Dunfee,* 163 W.Va. 539, 258 S.E.2d 117 (1979) a sheriff unilaterally increased the salary of his deputy sheriffs, but was later forced to reduce the monthly pay of his deputy sheriffs by $100. The County Deputy Sheriff's Civil Service Commission

found the reduction unlawful and ordered payment of back pay to the deputies and set future monthly salaries. The Civil Service Commission then petitioned the circuit court to enforce the order. The circuit court denied the petition. This Court ultimately affirmed the circuit court's ruling. In doing so, we held:

[T]here is nothing in the deputies' civil service law that would compel a county commission to carry out a mandate of the Deputy Sheriff's Civil Service Commission. The association has failed to show any legal duty of the county commission to appropriate funds for raises to deputy sheriffs, when the raises were not in the budget but were given by the sheriff anyway and exceeded his spendable money. If this were so, sheriffs or any other county officers, by giving salary increments, could ruin county finances when they did so without county commission approval. Counties would be paying in IOU's.

*Dunfee,* 163 W.Va. at 541, 258 S.E.2d at 118.

■ In the case at hand, the interpretation of "annual salary increase" urged by the plaintiffs could, in some instances, force counties to pay deputies "in IOU's," instead of legal tender.[4] We indicated in syllabus point 2 of *Pristavec v. Westfield Ins. Co.,* 184 W.Va. 331, 400 S.E.2d 575 (1990), in part, that "[i]t is ... the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." *Quoting* syl. pt. 2, *Click v. Click,* 98 W.Va. 419, 127 S.E. 194 (1925). We do not believe the legislature intended "annual salary increase" to have the fiscally unsound interpretation urged by the plaintiffs. We must, therefore, reject the interpretation of "annual salary increase" urged by the plaintiffs. Accordingly, we answer the second question no.

## C.

■ The third question presented states: "Or, is the annual salary increase to

---

4. The briefs of both parties point out that interpreting "annual salary increase" as a bonus would mean that a qualified deputy would receive a total payment of $12,000 over twenty

years; however, using the progressive increase to base salary interpretation would cause a total payment of $91,200 over twenty years.

be paid as an annual increment (bonus) which is not added to the deputy's base pay?" The plaintiffs ask this Court not to interpret "annual salary increase" to mean a bonus. Such an interpretation, however, is warranted in light of our determination that the legislature did not intend for "annual salary increase" to a mean progressive increase to the base compensation paid deputies. We discern an overriding policy concern on the part of the legislature that every deputy sheriff receive a modest salary "bonus" each year, but not to the point of impairing the fiscal stability of any county. "In ascertaining legislative intent, effect must be given to ... the statute ... so as to accomplish the general purpose of the legislation." Syl. pt. 2, *Smith v. State Workmen's Compensation Commissioner.* See *West Virginia Human Rights Com'n v. Garretson,* 196 W.Va. 118, 123, 468 S.E.2d 733, 738 (W.Va.1996) ("A statute is interpreted on the plain meaning of its provision in the statutory context, informed when necessary by the policy that the statute was designed to serve."). Therefore, "annual salary increase" must be interpreted to mean a bonus type salary increase for deputy sheriffs, which does not attach as an increase in base pay. Accordingly, we answer the third question yes.

### D.

The fourth question submitted provides: "Upon reaching 16 years of service, and for employment in years 17 and thereafter, is the deputy sheriff entitled to the incremental salary increase pursuant to W. Va. Code § 7–14–17c annually for each year of service thereafter?" Both parties contend that the statute requires an annual salary increase for each year after the sixteenth year of employment. The circuit court agreed with such an interpretation. The pertinent language in *W. Va.Code,* 7–14–17c provides: "[E]very deputy sheriff with one year or more of service shall receive an annual salary increase in the sum of five dollars per month for each year of service up to a maximum of sixteen years of service." This language does not expressly provide for annual salary increases after the sixteenth year.

Both parties ask this Court to interpret the statute as implicitly allowing the annual salary increase to continue after the sixteenth year of employment. We discern no justiciable issue here because both parties urge, initially, the same interpretation. In order for this Court to render an answer to a certified question "there must be an actual, existing controversy." *Hustead on Behalf of Adkins v. Ashland Oil, Inc.,* 197 W.Va. 55, 61, 475 S.E.2d 55, 61 (1996) (citations omitted). We, therefore, decline to answer the question as framed.

Although both parties contend that *W. Va.Code,* 7–14–17c authorizes an annual salary increase after the sixteenth year, the parties differ on the meaning of "annual salary increase." The plaintiffs argue that after the sixteenth year the maximum earned increase should be part of the base salary; whereas the defendants contend that the maximum earned increase is to be paid from year 17 forward as an annual bonus. In addressing this latter issue, we will treat the parties as having stipulated that *W. Va.Code,* 7–14–17c authorizes an annual salary increase after the sixteenth year. Having done so, we find that the maximum earned increase is to be paid from year 17 forward as an annual bonus, and not as part of the base salary.[5] Our interpretation here, of course, is consistent with the meaning previously given "annual salary increase." [6]

### III.

### CONCLUSION

After discussing the certified questions from the Circuit Court of Monongalia Coun-

---

**5.** The defendants' brief correctly points out that the maximum bonus for a deputy sheriff who has been employed for sixteen years is $960. Under the qualification we have made to question 4, deputy sheriffs employed seventeen years or more would receive an annual bonus of $960 for each year employed after the sixteenth year.

**6.** In light of our determination that the salary increase is a bonus, and not part of the base salary, questions 5 and 6 are moot. *See Yeager v. Farmers Mutual Ins. Co.,* 192 W.Va. 556, 561, 453 S.E.2d 390, 395 (1994).

ty, we respond as follows. We answer question 1 yes; question 2 no; question 3 yes; we decline to answer question 4; and questions 5 and 6 are moot.

Having answered the certified questions, we dismiss this case from the docket of this Court and remand the case to the Circuit Court of Monongalia County for further proceedings consistent with this opinion.

Certified questions answered.

DAVIS and STARCHER, JJ., deeming themselves disqualified, did not participate in the decision of this case.