584 S.E.2d 220

**Donald NICHOLS, Petitioner Below, Appellant**

v.

**The STATE of West Virginia, and Roger Pritt, Commissioner, West Virginia Department of Motor Vehicles, Respondents Below, Appellees**

No. 30964.

Supreme Court of Appeals of West Virginia.

Submitted April 8, 2003.

Decided July 3, 2003.

Carter Zerbe, Esq., Charleston, West Virginia, Attorney for Appellant.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellees.

PER CURIAM:

This is an appeal from the May 28, 2002 Order of the Circuit Court of Kanawha County, West Virginia, which denied Appellant Donald Nichols' ("Appellant") requests for alternative relief in prohibition and mandamus. Appellant sought to prohibit the appellee, Roger Pritt, Commissioner ("Commissioner"), West Virginia Division of Motor Vehicles ("DMV"), from revoking Appellant's driver's license, or, alternatively, to compel the Commissioner to conduct a hearing on the revocation of his driver's license.[1]

This Court has before it the petition for appeal, all matters of record, and the briefs and argument of counsel. For the reasons discussed herein, the circuit court's order is reversed insofar as it denied Appellant's petition for a writ of mandamus by refusing to compel the Commissioner to afford Appellant an administrative hearing on the revocation of his driver's license.

I.

FACTS

The relevant facts of this case are largely undisputed. On March 3, 2001, Appellant was arrested by Deputy M.A. Webb of the Fayette County Sheriff's Department on the charges of driving under the influence ("DUI") and failure to signal. On or about March 13, 2001, the DMV officially notified Appellant, in writing, that based upon a written statement by Deputy Webb, see W.Va. Code § 17C–5A–1(b), there were "reasonable grounds to believe that [he] [was] driving a motor vehicle in this state while under the influence of alcohol." Official Notice, Order of Revocation, DUI, March 13, 2001. Appellant was notified further that his "privilege to operate a motor vehicle . . . is revoked as of [April 17, 2001]." Id.[2]

By letter dated March 25, 2001, Appellant timely requested a DUI hearing[3] before the Commissioner, which operated to stay the revocation order. See W.Va.Code § 17C–5A–2(a) ("Upon the written request of a person whose license to operate a motor vehicle in this state has been revoked . . . under the provisions of . . . [§ 17C–5A–1] . . . The commissioner of motor vehicles shall stay the imposition of the period or revocation . . . and afford the person an opportunity to be heard." Id., in relevant part.). Accordingly, a DUI hearing was scheduled for September 4, 2001, but was rescheduled, upon the Commissioner's motion, for January 2, 2002. Appellant received notice of the rescheduled hearing date by letter dated July 18, 2001.

Meanwhile, on August 1, 2001, Appellant appeared in the Magistrate Court of Fayette County, West Virginia, for a hearing on the DUI and failure to signal charges. For reasons not apparent from the record, the DUI charge was dismissed. Appellant pled guilty to the failure to signal charge. According to Appellant, when the DUI charge was dismissed in magistrate court, he believed the DUI issue to be completely resolved and that he was no longer required to appear at the hearing regarding the revocation of his driver's license. Consequently, Appellant did not appear at the January 2, 2002 DUI hearing. Furthermore, for reasons not explained in the record, the arresting officer, Deputy Webb, did not appear at the revocation hearing either. The only individual to appear at the DUI hearing was Hearing Examiner William F. Cox.

---

1. Appellant also requested a stay of the order revoking his driver's license pending resolution of the instant appeal. The circuit court entered an Order staying the revocation of Appellant's driver's license for sixty (60) days from the date of entry of the court's June 5, 2002 order.

2. Revocation of Appellant's driver's license is for a period of six months, with eligibility in 90 days. Reinstatement of Appellant's driver's license also requires successful completion of the safety and treatment program. Id.

3. "DUI hearing" is defined as "the administrative procedures conducted by the Commissioner pursuant to W.Va.Code §§ 17C–5A–1 et seq. and 29A–5–1 et seq. as applied to contested cases arising out of the enforcement of administrative revocations and disqualifications imposed under the provisions of W.Va.Code §§ 17C–5A–2 and 17E–1–13 for driving under the influence of alcohol, controlled substances or drugs, driving while having a blood alcohol concentration above the legal limit or refusing to submit to a chemical test." 91 C.S.R. § 1–3.1.2.

On February 11, 2002, a final Order of Revocation was issued by the Commissioner, which notified Appellant that

> the [DMV's] Order of Revocation, directed to you on March 13, 2001, is now in effect, and your privilege to drive a motor vehicle in this state is revoked. Your Revocation begins on the date stamped on this Final Order.
>
> This action is taken in accordance with [91 C.S.R. § 5–14.4] because you failed to appear for your administrative hearing on January 2, 2002, at the [DMV] Office in Beckley, Raleigh County, West Virginia.

According to Appellant, he never received a copy of the foregoing final revocation order. The order was returned to the DMV as unclaimed.

On or about March 23, 2002, after being stopped for a minor traffic violation, Appellant learned his driver's license had been revoked. Thereafter, Appellant filed a petition for a writ of prohibition or mandamus in the Circuit Court of Kanawha County, to require the Commissioner to restore his driver's license or, in the alternative, to afford Appellant a DUI hearing. By Order entered May 28, 2002, the circuit court denied Appellant's petitions.

## II.

### STANDARD OF REVIEW

■ The instant appeal involves a ruling by the circuit court which denied Appellant's requests, in the alternative, for writs of mandamus and prohibition. It is well-settled that " 'we consider *de novo* whether the legal prerequisites for mandamus relief are present.' *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996)." *Rice v. Underwood*, 205 W.Va. 274, 278, 517 S.E.2d 751, 755 (1998). Furthermore,

> " ' "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the ab-

sence of another adequate remedy." Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).' Syl. Pt. 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995)."

*Rice,* at syl. pt. 2.

For the reasons discussed below, we find that the elements of mandamus were satisfied in this case and that the circuit court should have entered an order requiring the Commissioner to afford Appellant a DUI hearing after both Appellant and the arresting officer failed to appear at the January 2, 2002 hearing.[4]

## III.

### DISCUSSION

■ When Appellant failed to appear at the January 2, 2002 DUI hearing, the Commissioner reinstated the previously-issued Order of Revocation of Appellant's driver's license, pursuant to 91 C.S.R. § 5–14.4, which provides:

> Any licensee whose license is revoked, suspended or disqualified under this rule is entitled to an administrative hearing in accordance with West Virginia Legislative Rule, Division of Motor Vehicles, Administrative Due Process, 91 CSR 1. The Division shall reinstate the revocation, suspension, and/or disqualification of any licensee's privilege of operating a motor vehicle and assess all hearing costs against any licensee who fails to appear at an administrative hearing without first obtaining a continuance. The failure of an arresting officer to appear at an administrative hearing does not relieve the licensee from his or her obligation to appear.

Notwithstanding the Commissioner's argument to the contrary, whether Appellant's driver's license was properly revoked and whether Appellant is entitled to another rev-

---

4. Having determined Appellant was entitled to a writ of mandamus, it is not necessary that this Court also address Appellant's arguments in sup-

port of his petition for a writ of prohibition, as the remedies were sought in the alternative.

ocation hearing may not be resolved by the simple application of the foregoing rule. Rather, specific language found in 91 C.S.R. § 5–14.4 itself requires that additional administrative due process rules be applied to the instant case.

As indicated above, 91 C.S.R. § 5–14.4 specifically states that "[a]ny licensee whose license is revoked ... under this rule is entitled to an administrative hearing in accordance with ... *91 C.S.R. 1.*" (Emphasis added) Included in 91 C.S.R. § 1 is 91 C.S.R. § 1–2.3, which provides that *"[t]his legislative rule [i.e., 91 C.S.R. § 1] takes precedence over all administrative due process rules or hearing procedures found in Title 91 of the Code of State Rules."* (Emphasis added) Upon review of 91 C.S.R. § 5–14.4 and the applicable due process rules and hearing procedures of 91 C.S.R. § 1, we find that these rules present a significant disparity in the legal effect of the arresting officer's failure to appear at Appellant's DUI hearing.

In this case, both Appellant and the arresting officer[5] failed to appear at the scheduled DUI hearing. 91 C.S.R. § 1–3.7 outlines the consequences of the failure of interested parties to appear. Like 91 C.S.R. § 5–14.4, in the event a licensee fails to appear at his or her DUI hearing, 91 C.S.R. § 1–3.7.1 requires that the DMV restore the initial order of revocation.[6]

More problematic is the impact of the arresting officer's failure to appear. As previously stated, 91 C.S.R. § 5–14.4 provides, in relevant part, that "[t]he failure of an arresting officer to appear at an administrative hearing does not relieve the licensee from his or her obligation to appear." In contrast, however, 91 C.S.R. § 1–3.7.2 states: *"In a DUI hearing,* the Division shall *dismiss* the revocation or suspension *if the arresting officer fails to appear without obtaining a continuance* pursuant to Subsection 3.8 of this rule." (Emphasis added) *See also McDonald v. Cline,* 193 W.Va. 189, 192, 455 S.E.2d 558,

561 (1995) (acknowledging Appellant driver's argument "that if the arresting officer does not appear to testify at the administrative hearing, the revocation proceeding is dismissed.").

■■■ 91 C.S.R. § 1–3.7.2, which requires dismissal of the revocation if the arresting officer fails to appear, is clearly at odds with 91 C.S.R. § 5–14.4, the rule which provided the ground for revocation of Appellant's driver's license. As a result, the ramifications of Deputy Webb's failure to appear at Appellant's DUI hearing are not immediately evident. As a general principle

" 'Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.' Syl. pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.,* 159 W.Va. 14, 217 S.E.2d 907 (1975)." Syl. pt. 1, *State ex rel. Lambert v. County Commission of Boone County,* 192 W.Va. 448, 452 S.E.2d 906 (1994).

Syl. pt. 12, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995). Furthermore, " '[j]udicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretive inquiry is to ascertain the legislative intent.' Syllabus Point 1, *Ohio County Comm'n v. Manchin,* 171 W.Va. 552, 301 S.E.2d 183 (1983)." Syl. pt. 3, *Lawson v. County Comm'n of Mercer County,* 199 W.Va. 77, 483 S.E.2d 77 (1996). In the instant case, the conflicting language of the foregoing legislative rules plainly warrants interpretation by this Court.

---

**5.** "Arresting officer" is defined as "any law enforcement officer as described in W.Va.Code §§ 17C–5–4 or 17E–1–24." 91 C.S.R. § 1–3.1.3.

**6.** 91 C.S.R. § 1–3.7.1 provides:
   The Division shall automatically rescind the stay and restore the revocation or suspension

and shall assess the costs as set forth in Subsection 3.11 of this rule if the person fails to appear at the hearing without obtaining a continuance pursuant to Subsection 3.8 of this rule.

91 C.S.R. § 5–14.4 provides that an arresting officer's failure to appear at a hearing "does not relieve the licensee from his or her obligation to appear." This rule also specifically entitles a licensee whose driver's license is revoked for DUI to an administrative hearing in accordance with *Title 91, Series 1*. Thus, the plain language of 91 C.S.R. § 5–14.4 itself indicates the due process rules and hearing procedures of 91 C.S.R. § 1 apply to DUI hearings. Furthermore, 91 C.S.R. § 1–2.3 directs that 91 C.S.R. § 1 "takes precedence over *all* administrative due process rules or hearing procedures found in Title 91[.]" (Emphasis added) Accordingly, the instant appeal and, in particular, the impact of Deputy Webb's failure to appear at the DUI hearing, in light of Appellant's failure to appear, is governed by the rules set forth in 91 C.S.R. § 1, including 91 C.S.R. § 1–3.7.

This case presents the peculiar circumstance of both Appellant and Deputy Webb's failure to appear at the January 2, 2002 DUI hearing. While 91 C.S.R. § 1–3.7.1 requires that revocation of Appellant's driver's license be *restored* for his failure to appear, 91 C.S.R. § 1–3.7.2 requires the revocation be *dismissed* as a result of Deputy Webb's failure to appear. The reason for Deputy Webb's failure to appear is not apparent from the record; however, Appellant explains that he did not appear because he believed—and not unreasonably so—that his appearance at the DUI hearing was not required due to the dismissal of the DUI criminal charge in magistrate court months earlier.

■ This Court has stated that "[a]lthough W.Va.Code 29A–5–4g [1986] [governing judicial review of contested administrative cases] outlines the circumstances when a circuit court must reverse an administrative order, the code provides little guidance on when '[t]he court may remand . . . for further proceedings.' . . . [A] decision to remand must be based on at least a showing of a procedural error, a violation of a substantial right held by the petitioner or a problem that occurred through no fault of the petitioner." *Hinerman v. W.Va. Dept. of Motor Vehicles,* 189 W.Va. 353, 355, 431 S.E.2d 692, 694 (1993). Having recognized a driver's license as "a property interest which requires the protection of this State's Due Process Clause before" it can be suspended, syl. pt. 1, in part, *Jordan v. Roberts,* 161 W.Va. 750, 246 S.E.2d 259 (1978), this Court is reluctant to deprive Appellant of that interest given the failure of *both* Appellant and Deputy Webb to appear at the scheduled DUI hearing. " 'Aside from all else, due process means fundamental fairness.' " *Choma v. W.Va. Div. of Motor Vehicles,* 210 W.Va. 256, 260, 557 S.E.2d 310, 314 (2001) (*quoting Pinkerton v. Farr,* 159 W.Va. 223, 230, 220 S.E.2d 682, 687 (1975).).

Accordingly, we find the elements of mandamus have been met in this case. Appellant timely requested a DUI hearing. His failure to appear at the scheduled hearing due to his good faith belief that his appearance was not required and Deputy Webb's failure to appear implicate application of both 91 C.S.R. §§ 1–3.7.1 and 2. Under these unique facts, it is unclear whether the revocation of Appellant's driver's license should be restored or dismissed. As a matter of fundamental fairness then Appellant should be afforded another DUI hearing. Because it is the Commissioner's legal duty to conduct such hearing and because Appellant has no other adequate remedy, a writ of mandamus should have been granted by the circuit court. Accordingly, we reverse the circuit court's May 28, 2002 Order and we remand this matter to the circuit court with directions to enter an order granting Appellant the mandamus relief he seeks.

IV.

CONCLUSION

For the reasons stated, the May 28, 2002 order of the Circuit Court of Kanawha County is reversed to the extent it denied Appellant's petition for a writ of mandamus and we remand this case to the circuit court with directions to compel the Commissioner to afford Appellant a DUI hearing.

Reversed and remanded with directions.